UNITED STATES, Appellee

v

HAROLD W. NEDEAU, Staff Sergeant,
U. S. Marine Corps, Appellant

7 USCMA 718, 23 CMR 182

No. 9177

Decided April 12, 1957

*Major R. D. Humphreys* argued the cause for Appellant, Accused.
*Major Verne L. Oliver* argued the cause for Appellee, United States.

## Opinion of the Court

HOMER FERGUSON, Judge:

Despite his plea to the contrary, the accused was found guilty by general court-martial of larceny, in violation of Article 121, Uniform Code of Military Justice, 10 USC § 921. He was sentenced to a bad-conduct discharge, partial forfeitures, confinement for six months, and reduction to grade of private. The convening authority approved the sentence but suspended the execution of the punitive discharge until release from confinement or completion of appellate review, whichever occurred later. The board of review affirmed the findings and sentence and we granted review to determine whether or not a fatal variance existed between the allegations of the specification and the findings of the court-martial.

The specification upon which the accused was tried was worded in pertinent part as follows:

"... steal seven (7) pounds of ground beef, of a value of about $8.00; ten (10) pounds of Eskay [sic] canned ham, of a value of about $8.20; five (5) pounds of Premalin cheese, of a value of about $5.00; seven (7) dozen eggs, of a value of about $5.60; three (3) cases of Peru tomatoes, consisting of eighteen (18) one-half (1/2) gallon cans, of a value of about $18.00; five (5) pounds of butter, of a value of about $5.00, of a total value of about $49.80, the property of Mrs. May AQUINO, the proprietress of the said Casino Spaghetti House."

The court-martial after deliberating some two hours found the accused guilty of the specification,

"... except the words 'seven pounds of ground beef, of a value of abount $8.00; ten pounds of Esskay canned ham, of a value of about $8.20; five pounds of Premalin cheese, of a value of about $5.00; seven dozen eggs, of a value of about $5.60; three cases of Peru tomatoes, consisting of eighteen one-half gallon cans, of a value of about $18.00; five pounds of butter, of a value of about $5.00; of a total value of about $49.80,' substituting therefor, respectively, the words, 'foodstuffs of a value of $49.80 or less but more than $20.00,' of the excepted words, not guilty, of the substituted words, guilty."

The evidence adduced at trial showed that the accused in the company of two other servicemen had visited a restaurant in Baltimore. While there they went downstairs to where the men's room and storeroom were located. An employee of the restaurant, having become suspicious as a result of the length of their absence, discovered the accused and his companions passing food from a small window in the basement supply room to a parked car. They were able to effect an escape but only after the license plates on their automobile had been observed. This factor, together with several articles of clothing they had left on the premises, subsequently led to their apprehension.

The owner of the restaurant testified that immediately after the theft—in which she had been "cleaned out"—she had inventoried certain items such as cheese, eggs, salami, etc., but had not checked on the dry stores or canned goods until several days later. The record is confusing as to exactly what items were in fact stolen as well as to the value to be attached to those items. Many of the items testified by the owner as having been stolen were not charged in the specification. Furthermore it appears that the value of the items which were stolen was well above the value of $49.80 which was alleged. Much of the confusion was caused by the fact that several hours before the theft the owner had received an order of supplies which had been commingled with other supplies which had been received several days before. The trial counsel realizing the confused state of the evidence as to specific items, quantities and values, suggested in closing argument,

that the court could find the accused guilty of stealing a "quantity of foodstuffs of a value of not less than $20 nor more than $50." He further assured the court that such a procedure would be "an acceptable finding without enumerating the particular cans and links of sausage, and pieces of bacon that were taken." The law officer did not advise the court of the propriety of such a procedure. After lengthy deliberation, the court—acting on the trial counsel's suggestion—found the accused guilty by exceptions and substitutions of stealing "foodstuffs of a value of $49.80 or less but more than $20.00." It is this abbreviated method of accounting employed as a substitute for specific findings as to quantities and values alleged in the specification that gives rise to our present inquiry.

Paragraph 74b(2), Manual for Courts-Martial, United States, 1951, in discussing the power of a court-martial to make exceptions and substitutions, provides as follows: "One or more words or figures may be excepted and, when necessary, others substituted, provided the facts as so found constitute an offense by an accused which is punishable by the court, and provided that such action does not change the *nature or identity* of any offense charged in the specification or increase the amount of punishment that might be imposed for any such offense." (Emphasis supplied.)

The court-martial apparently believed that the accused had stolen something which they chose to characterize as "foodstuffs" having a value of more than $20.00 but less than $49.80. Although we recognize the soundness of the rule which permits this Court to look to the record as a whole to determine the intent of the court-martial with respect to the announcement of their findings, such rule would appear to be for application where the announcement itself was ambiguous or misleading, rather than, as in this case, where the findings announced by the court changed the nature and identity of the offense charged. Furthermore, the findings indicate that the court considered the evidence insufficient to establish the accused's guilt of the theft of the particular items alleged but sufficient upon which to base its findings that he stole other undesignated "foodstuffs." Thus it might well have been that the accused was found guilty of larceny of food items other than those specifically alleged and against which he was not prepared to defend. An exception by the court of part of a specification constitutes a finding that the accused is not guilty of what is alleged in the excepted language. In discussing the effect of exceptions on the court's findings, Colonel Winthrop, in his classic work on military law, says: "If so much has been excepted as not to leave enough to constitute the specific offence alleged, . . . or if the effect of the exception has been to cause the specification to describe another and quite distinct offence from that designated by the charge,—a finding of guilty upon the charge can not be sustained." Winthrop, Military Law and Precedents, 2d ed, 1920 Reprint, page 380.

A case strikingly similar in its facts is that of United States v Brown [ACMS–4483], 7 CMR 770, wherein an accused pleaded not guilty to a charge of larceny of particular food items. By exceptions and substitutions he was found not guilty of larceny of the items alleged in the specifications but guilty of the theft of " 'foodstuffs of a value of $20.00 or less' (Specification 1) and 'foodstuffs of a value of $50.00 or less and more than $20.00' (Specification 2)." In arriving at the conclusion we reach here the Air Force board of review said:

"In order to determine whether the record is sufficient to support the findings of guilty, it must be ascertained what items of food constituted the 'foodstuffs' which the court found that the accused stole. Certainly not the items alleged in the specification. The court found the accused not guilty of the theft of those foodstuffs. In view of such findings, it must be concluded that the court made reference to other articles of food which the evidence showed the accused to have taken. Accordingly, it

720

follows that the court found him guilty of the larceny of foodstuffs which he had not been charged with stealing."

One further matter merits discussion. The board of review in an effort to salvage the court-martial's findings found that four items specifically alleged in the specification, and having a value of $26.90, were proved. However, this finding by the board is in direct conflict with the court-martial's findings of not guilty as to those very same items. A board of review cannot substitute valid findings where invalid ones already exist. Article 66(c), Uniform Code of Military Justice, 10 USC § 866.

It follows from the foregoing that the exceptions and substitutions in the specification under consideration were invalid in that the subject matter of the findings is at variance with the specific subject matter charged in the specification upon which the accused was arraigned and tried. Accordingly, the decision of the board of review is reversed and the charges are dismissed.

Chief Judge QUINN and Judge LATIMER concur.