UNITED STATES, Appellee,

v.

Eddie L. WILLIAMS, Private, U.S. Army, Appellant.

No. 49118.
CM 443790.

U.S. Court of Military Appeals.

Feb. 17, 1986.

For Appellant: *Colonel William G. Eckhardt, Lieutenant Colonel Arthur L. Hunt, Captain Thomas J. Feeney, Captain Bernard P. Ingold* (on brief).

For Appellee: *Colonel James Kucera, Lieutenant Colonel Adrian J. Gravelle, Major Thomas J. LeClair, Captain Charles S. Arberg* (on brief); *Captain Andrew D. Stewart.*

*Opinion of the Court*
EVERETT, Chief Judge:

I

Appellant was tried by general court-martial for assault with intent to rape "by putting his arm around ... [the victim's] neck, pushing her to the ground, pressing her down with his arm in a manner that injured her jaw, telling her not to 'make any nonsense,' and laying on top of her," in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. After instructing the members on the elements of this crime, the military judge proceeded to advise them that, if they concluded that appellant was not guilty of the charged offense, they should proceed to consider his guilt of the lesser-included offense of indecent assault.

Thereupon, the military judge instructed: In order to find Private Williams guilty of this lesser offense, you must be convinced by legal and competent evidence beyond reasonable doubt that on or about 10 October of this year the accused did bodily harm to Fraulein Ruth Neu-

mann. *Secondly, that he did so again by putting his arm around her neck, pushing her to the ground, pressing her down with his arm in a manner that injured her jaw and laying on top of her.* Thirdly, that the acts were done with unlawful force or violence; fourthly, that the female was not the wife of the accused; and fifthly, that the acts of the accused amounted to taking indecent or lewd and lascivious liberties with Ms. Neumann; sixthly, that the acts were done without the consent of Ms. Neumann; seventhly, that the acts were done with the intent to gratify his lust or sexual desires and finally that under the circumstances the conduct of Private Williams was to the prejudice of good order and discipline in the armed forces or was of a nature to bring discredit on the armed forces.

(Emphasis added.)

Thereafter, the military judge highlighted the distinction between the charged offense and the lesser-included one as follows:

Now, you can see that the greater charge of assault with intent to commit rape and the indecent assault charge differ in respect to what is required in the intent. The greater charge requires an intent to commit rape. The lesser charge merely an intent to gratify sexual desire or lust.

Later, during his instructions, the judge explained that assault and battery was a lesser offense and that, if they failed to convict the accused of a more serious assault, they could still find him guilty of this offense.

After their deliberations, the members returned to the courtroom with findings that deleted not only the language regarding intent to rape but also the description of the specific acts involved in the assault. In place of the deleted language, the members substituted the words "commit an indecent assault upon Ruth Neumann with intent to gratify his sexual desires." Nothing was inserted concerning specific acts

which the members found constituted the indecent assault.

The court-martial sentenced Williams to a dishonorable discharge, confinement for 2 years and 6 months, and total forfeitures. After approval of these results by the convening authority, the Court of Military Review affirmed the findings of guilty and, upon reassessment of the sentence due to an instructional error, the sentence except for confinement in excess of 2 years. We granted review to consider the legal effect of the findings returned by the members. 18 M.J. 143.

II

Appellant asserts that the findings had the legal effect of acquitting him not only of assault with intent to rape but also of indecent assault. In this connection, he points out that the form specification for indecent assault contemplates that specific acts will be alleged. *See* App. 6c, Form 128, Manual for Courts-Martial, United States, 1969 (Revised edition). As he reasons, findings which do not recite specific acts are fatally deficient.

■ We reject this syllogism. A primary purpose of a specification is to give notice of the offense charged. *Cf.* U.S. Const. amend VI. *United States v. Schwarz*, 15 M.J. 109 (C.M.A. 1983); *United States v. Sell*, 3 U.S.C.M.A. 202, 206, 11 C.M.R. 202, 206 (1953); *Russell v. United States*, 369 U.S. 749, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1962). The original specification of assault with intent to rape fully apprised appellant of the acts which allegedly constituted the assault. The judge's instructions were equally explicit and after enumerating the acts alleged in connection with the charge of assault with intent to rape, he restated those acts in explaining the lesser offenses of indecent assault and assault and battery. Furthermore, the defense did not dispute that these acts had occurred. Instead, it contended that they were excused by appellant's mistaken belief that he was being attacked by his alleged victim.

■ Under these circumstances, the absence of specific acts from the court-martial's findings did not retroactively deprive Williams of the notice which he had already received. Also, there is no possibility that, as in *United States v. Nedeau,* 7 U.S.C. M.A. 718, 23 C.M.R. 182 (1957), he was being found guilty of conduct not encompassed within the original charges.

In addition to notice, a specification provides an accused a basis for pleading double jeopardy, if later he is prosecuted for the same offenses for which he has already been tried. Despite the absence of reference in the findings to specific acts, we are sure that here the language of the specification—taken together with the evidence, the instructions, and the findings—will afford Williams full protection against double prosecution.

■ Appellant also contends that the exception of the specific acts in the court's finding constituted an acquittal of those acts. Therefore, because those acts were the only ones which, according to the Government, had constituted an assault, no predicate remained for a conviction of indecent assault.

This argument fails because we reject the premise that the findings, taken as a whole, constituted an acquittal of the specific acts. Instead, in light of the evidence and the instructions, it is clear that the findings are only ambiguous. Taken as a whole, the record makes clear that the intent of the court members was to find appellant guilty because he had performed the very acts alleged in the specification with the intent to gratify his lust or sexual desires.

In this connection, we note that the form of the worksheet helped produce the ambiguity because it indicated that, in order to convict of indecent assault, the members should except not only the words "with intent to commit rape" but also the description of the specific acts. Secondly, it is clear that all of the parties to the trial understood the intent of the court-martial's findings. Otherwise, there was no occasion to proceed to sentencing, because, if acquitted of the specific acts alleged in the specification, Williams had been acquitted of every offense of which the judge had instructed the members it was possible to convict him.

We conclude that no substantial right of appellant has been prejudiced.

### III

The decision of the United States Army Court of Military Review is affirmed.

Judge COX concurs.