**UNITED STATES**

**v.**

**Joseph M. DOPP, 358 70 6135, Private (E-1), U.S. Marine Corps.**

**NMCM 88 1077.**

U.S. Navy–Marine Corps Court of Military Review.

Sentence Adjudged 2 April 1987.

Decided 7 Nov. 1989.

---

LT J.L. Staley, JAGC, USNR, Appellate Defense Counsel.

LtCol C.M. Klein, USMCR, Appellate Government Counsel.

Maj Laura L. Scudder, USMC, Appellate Government Counsel.

LT Rick D. Bastien, JAGC, USNR, Appellate Government Counsel.

Before McLERAN, Senior Judge, and HILTON and RUBENS, JJ.

McLERAN, Senior Judge:

At a trial before a military judge alone sitting as a general court-martial, the accused plead not guilty to the following summarized charges and specifications with the findings as indicated:

Charge I, Violation of Article 81, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 881, did conspire with Pvt Martinez and Pvt Cooper to (1) commit larceny of property of PFC Fagan on 18 DEC 86 (finding: not guilty) and (2) commit larceny of property of Pvt Norton (finding by exceptions and substitutions: not guilty of "Pvt Norton," but guilty of "US Marines assigned to Student Admin Co.");

Charge II, Violation of Article 108, UCMJ, 10 U.S.C. § 908, willfully damage military property (lockboxes) of some value (1) assigned to PFC Fagan (finding: not guilty) and (2) assigned to Pvt Norton (finding: guilty); and

Charge III, Violation of Article 121, UCMJ, 10 U.S.C. § 921, steal property (1) of PFC Fagan (finding: not guilty) and (2) of Pvt Norton (finding: guilty).

He was sentenced to a dishonorable discharge, confinement for 18 months, and forfeiture of all pay and allowances.

Evidence of record, provided by the several co-conspirators, established that the appellant and three other Marines (Privates Martinez, Gayton and Cooper) conspired to break into PFC Fagan's lockbox and into Pvt Taylor's lockbox (referred to as locker number 18 in the record, but not the subject of any of the charges) for the purpose of obtaining funds for liberty. While Pvt Martinez broke into several lockboxes, the accused acted as a lookout, and then held a flashlight which allowed the others to look into Taylor's lockbox for items to steal after entry had been made. A short time after breaking into Pvt Taylor's lockbox, *Pvt Martinez broke into Norton's lockbox;* it was this break-in which resulted in the second specification of conspiracy under Charge I, and the second specifications under Charges II and III. There was, however, a factual issue as to whether the accused's participation in the conspiracy continued beyond the two lockboxes belonging to Fagan and Taylor. Pvt Martinez testified by way of stipulation that he was acting on his own during the Norton lockbox break-in. Breaking into Norton's lockbox was not discussed specifically by the original conspirators, and the credible evidence of record convinces us that the accused was changing clothes in anticipation of going on liberty at the time that Norton's lockbox was broken into by Pvt Martinez. The accused received none of the "loot" taken from Pvt Norton's lockbox, although several of the other original conspirators did.

In pertinent part, the military judge entered the following finding relating to the second specification of conspiracy:

Of Specification 2 of Charge I, guilty, ... *except for the words, "Private Richard Norton, U.S. Marine Corps," substituting therefor the words, "U.S. Marines assigned to Student Admin Company"* ... Of the excepted words and figure, Not Guilty. Of the substituted words and figure, Guilty. Of Specification 2 as excepted and substituted, Guilty. And of Charge I: Guilty. [Emphasis added.]

Immediately after entering findings, the military judge explained that he was convinced beyond a reasonable doubt that the accused had not abandoned or withdrawn from the conspiracy at the time of the larceny of *Norton's* property.

Appellant asserts that all of the findings of guilty should be dismissed because the

evidence establishes that appellant did not participate in a conspiracy to break into Private Norton's lockbox, on either of two theories: (1) it was beyond the scope of the conspiracy; or (2) appellant was not a participant. In the statement of the case, the Appellate Defense Counsel overlooks the fact that the accused had been found not guilty of the conspiracy to break into Norton's lockbox by exceptions and substitutions. Although the Appellate Government Counsel pointed out this omission in their brief, no supplemental briefs discussing the issue raised by the not guilty finding were filed.

Consequently, we ordered briefs on the following specified issues:

1. Does the finding of not guilty of the words "Private Richard Norton, U.S. Marine Corps" (the owner of the property that was the object of the alleged conspiracy) and the words "the lockbox of Private Norton" (the object entered as the alleged overt act) in Charge I, specification 2, and the finding of guilty of the substituted words "U.S. Marines assigned to Student Admin Company" and "lockboxes" create a fatal variance between pleading and proof such as to require dismissal of the finding of guilty of that offense? *See, United States v. Lee,* 1 M.J. 15 (C.M.A.1975); *United States v. Nedeau,* 7 U.S.C.M.A. 718, 23 C.M.R. 182 (1957).

2. What is the effect of the finding of not guilty of the words "Private Richard Norton, U.S. Marine Corps" and the words "the lockbox of Private Norton" in Charge I, Specification 2, in regard to the findings of the military judge that "the accused had not abandoned or withdrawn from the conspiracy at the time of the larceny of Norton's property," and on the remaining findings of guilty?

### Issue I

In order to convict appellant of the second specification of Charge I (conspiracy to steal Pvt Norton's property), the military judge was required to find beyond a rea-sonable doubt: (1) that the appellant entered into an agreement with one or more persons to commit an offense under the code; and (2) that, while the agreement continued to exist, and while the accused remained a party to the agreement, the accused or one of the co-conspirators performed an overt act for the purpose of bringing about the object of the conspiracy. Paragraph 5b, Part IV, Manual for Courts-Martial, United States, 1984. The specification, as summarized above, specified the object of the conspiracy as "larceny of personal property of Private Richard Norton, U.S. Marine Corps." The military judge found the appellant not guilty of all specifications relating to offenses involving PFC Fagan's property and lockbox. Additionally, the military judge, by exceptions and substitutions, found the appellant *not guilty* of the narrowly specified object of the conspiracy (larceny of Pvt Norton's property), and found him guilty of a conspiracy with a broader object (larceny of property of "U.S. Marines assigned to Student Admin Company").

Testimony of various witnesses indicates that all of the lockboxes in the area in which Pvt Martinez and his band were operating did, in fact, belong to "U.S. Marines assigned to Student Admin Company" and that Privates Norton and Taylor, and PFC Fagan (the victims) were part of the Student Admin Company. While it appears that appellant could have reasonably been charged with conspiracy to steal from U.S. Marines assigned to Student Admin Company, such was not the case. The military judge, although apparently convinced beyond reasonable doubt that the accused had not abandoned or withdrawn from the conspiracy at the time of the larceny of Norton's property, found the appellant not guilty of any conspiracy to steal Norton's property. We need not speculate as to the reason for the obvious inconsistency between the not guilty finding and the judge's gratuitous comment on the record; his finding speaks for itself.[1] The substi-

---

1. Rule for Courts–Martial (R.C.M.) 924(c) would have permitted the military judge to reconsider the findings of guilty at any time before announcement of the sentence, but findings of not

tuted language expanding the object of the conspiracy created an entirely new offense which the defense had not anticipated in view of the specific nature of the charged offense. As such, a fatal variance was created requiring dismissal of the finding of guilty of that offense. *Dunn v. United States,* 442 U.S. 100, 99 S.Ct. 2190, 60 L.Ed.2d 743 (1979); *cf. United States v. Lee,* 1 M.J. 15 (C.M.A.1975) (variance between pleading and proof not prejudicial where defense counsel was aware of different forms of marijuana contemplated by the charge). *See* Rule for Courts–Martial (R.C.M.) 918(a)(1), Manual for Courts–Martial, United States, 1984 (exceptions and substitutions may not be used to substantially change the nature of the offense). Consequently, the findings of guilty of Charge I and its remaining specification are set aside and dismissed.

### Issue II

As stated above, the military judge acquitted appellant of conspiracy to commit larceny of Pvt Norton's property even though he was convinced beyond reasonable doubt, as expressed on the record, that appellant had not abandoned or withdrawn from the conspiracy at the time of the larceny of *Norton's* property. Especially in view of the judge's findings relative to the Norton offense, we are of the opinion that the acquittal of the Norton conspiracy does not indicate a factual doubt in the judge's mind as to appellant's involvement in the Norton-related offenses. Indeed, the overall findings as to Charges II and III are consistent with the judge's special findings. Thus, the military judge's inexplicable findings with respect to Charge I and its specification and his special findings do not preclude conviction of the offenses described in Charges II and III.

We, however, must also be convinced beyond reasonable doubt of the guilt of the accused before we can affirm the remaining findings. Article 66(c), UCMJ, 10 U.S.C. § 866(c).

Appellant did not personally damage military property assigned to Pvt Nor-

ton nor steal Norton's property; Pvt Martinez was the only person to approach Pvt Norton's lockbox. Appellant's criminal liability may be based on Article 77, UCMJ, 10 U.S.C. § 887, if he aided, abetted, counselled, commanded or procured the commission of these crimes committed by Pvt Martinez. We do not find sufficient evidence to support a theory that appellant was guilty as an aider and abettor and the government did not argue this theory at trial. Under the facts of this case, appellant's conviction of these two crimes (damaging the military's lockbox and theft of Norton's property) can only be grounded in his participation in a conspiracy. *United States v. Salisbury,* 14 U.S.C.M.A. 171, 33 C.M.R. 383 (1963); *United States v. Johnson,* 25 M.J. 878 (NMCMR 1988).

While there is some evidence of record to suggest that appellant was involved in a general conspiracy to break into lockboxes in order to obtain money for an evening in town and that the conspiracy continued through Pvt Martinez' break into Pvt Norton's lockbox, other evidence suggests that the initial conspiracy was more limited in scope or that appellant had withdrawn from the conspiracy by the time of the Norton-related offenses. The appellant himself suggested the target of the initial larceny; others suggested the second target. Appellant actively participated in the first two offenses, either as a lookout or by holding a flashlight for Pvt Martinez who was actually breaking into the lockboxes. After the second break-in, appellant announced that he was going to change his clothes in preparation for going into town, and commenced to do so. The other conspirators, with the exception of Pvt Martinez, were also in the area with appellant, whereas they had assisted in the earlier two break-ins. Pvt Martinez announced that he was going to "go get some bank," and proceeded on his own to Pvt Norton's lockbox. When Pvt Martinez returned with items stolen from Pvt Norton's lockbox, he shared them with two other individuals but not with appellant, and appellant did not object to being left out nor did

guilty could not be reconsidered once properly

announced. *See* R.C.M. 922(c).

**1114**

anyone suggest that he should be included. Pvt Martinez believed that he was acting on his own.

We believe that these facts raise five reasonable possibilities:

(1) the original conspiracy continued through the Norton-related offenses and appellant continued to be a part of the conspiracy;

(2) the original conspiracy continued through the Norton-related offenses, but appellant had withdrawn from the conspiracy prior to the commission of those offenses;

(3) the original conspiracy continued, but the Norton-related offenses were not committed in furtherance of that conspiracy.

(4) the original conspiracy ended after the first two break-ins, and Pvt Martinez was acting entirely on his own; and,

(5) the original conspiracy ended after the first two break-ins, and a new conspiracy developed between everyone but appellant thereafter.

We are not convinced that the evidence is such as to exclude "every fair and rational hypothesis except that of guilt." [2] Consequently, we are not convinced of appellant's guilt of the remaining charges and specifications beyond reasonable doubt. Article 66(c), UCMJ. The findings of guilty of Charges II and III and their specifications are set aside and dismissed.

*Disposition of Assignments of Error*

Accordingly, the findings of guilty and sentence are set aside and the charges dismissed. All rights, privileges and property of which appellant has been deprived shall be restored.

Judge HILTON and Judge RUBENS concur.

---

**2.** From the members' instruction on reasonable doubt. Department of the Army Pamphlet 27–9, p. 2–34 (May 1982).