**UNITED STATES, Appellee,**

v.

**Sergeant First Class James D. SMITH, 249–78–8380, United States Army, Appellant.**

**ACMR 9000327.**

U.S. Army Court of Military Review.

15 Jan. 1991.

For Appellant: Captain Brian D. Bailey, JAGC, Captain James E. O'Hare, JAGC, (on brief).

For Appellee: Colonel Alfred F. Arquilla, JAGC, Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Major Martin D. Carpenter, JAGC (on brief).

Before De GIULIO, NAUGHTON and VARO, Appellate Military Judges.

## OPINION OF THE COURT

De GIULIO, Senior Judge:

Appellant was tried by a military judge sitting as a general court-martial. Pursuant to his pleas, he was found guilty of three specifications of sodomy, one specification of attempted sodomy, four specifications of indecent liberties, and two specifications of rape in violation of Articles 125, 134, and 120, Uniform Code of Military Justice, 10 U.S.C. §§ 925, 934, and 920 (1982) [hereinafter UCMJ]. He pled not guilty but was found guilty of one specification of obstruction of justice in violation of Article 134, UCMJ. Appellant was sentenced to a dishonorable discharge, confinement for fifteen years, total forfeitures, and reduction to Private E1. Pursuant to a pretrial agreement, the convening authority approved the sentence but suspended confinement and total forfeitures in excess of eight years for a period of eight years.

The issue before us is whether appellant can be charged with obstruction of justice

when the specification fails to allege any attempt to influence any military investigation or proceeding but rather a state proceeding. We hold that the allegation is sufficient to allege an offense under Article 134.

Appellant was charged with sexually abusing his two daughters. One of the victims, 17–year–old Tracy, was dating Private B. When appellant discovered that Tracy and Private B planned to marry, he requested Private B's chain of command to assist him in stopping the talk about marriage. Essentially, this resulted in the termination of the relationship between Tracy and Private B. The appellant then contacted Private B and told him that he would consent to the marriage of his daughter if Private B would convince Tracy to change her testimony at appellant's preliminary hearing in a Tennessee State Court. This action resulted in a specification alleged in violation of Article 134, UCMJ, that appellant did

[w]rongfully endeavor to impede a preliminary hearing in the Montgomery County, Tennessee, General Sessions Court and alter or influence the testimony of Tracy Smith and Erica Smith as a witness before a preliminary hearing in the case of *Tennessee v. Smith*, by promising to give parental consent for [B] to marry his daughter, Tracy Smith, who was at the time under the age of 18, if the said [B] would contact his daughter, Tracy, and convince her to change her testimony at the preliminary hearing scheduled for 21 September 1989.

It is this specification that resulted in the assignment of error.

Before the 1984 Manual for Courts–Martial, no discussion of obstruction of justice was found either in the Manual or the UCMJ.[1] The development of the offense can be traced through case law. Over the years, the crime has been charged under varying clauses of Article 134, UCMJ.[2] At

---

1. The Judge Advocate General's School, U.S. Army, Criminal Law; Crimes and Defenses, at 1–84 (August 1989).

2. Manual for Courts–Martial, United States, 1984, Part IV, para. 60c(1) explains in part: Article 134 makes punishable acts in three categories of offenses not specifically covered

times, the offense was charged as a violation of Clause 3, under the noncapital federal statute provision. It was held in early cases that when charged under Clause 1 (disorders and neglects to the prejudice of good order and discipline) or Clause 2 (conduct of a nature to bring discredit upon the Armed Forces), the offense existed independently from other federal obstruction of justice statutes. *See United States v. Long,* 6 C.M.R. 60 (C.M.A.1952). When charged as a delict under Clauses 1 and 2, Article 134, UCMJ, the scope of the offense has been much broader than that provided under title 18 of the United States Code. *United States v. Jones,* 20 M.J. 38 (C.M.A. 1985). Thus, when charged as conduct prejudical to good order and discipline or service discrediting conduct, the Court of Military Appeals has held that it is not necessary that charges be preferred or that proceedings be pending for a crime to occur. Their rationale has been that by its nature, obstruction of justice proscribes efforts to interfere with the administration of military justice throughout the investigation of a crime. *See United States v. Tedder,* 24 M.J. 176, 179 (C.M.A.1987).

A review of reported cases, however, reveals that the proscription of obstruction of justice has, to date, only been applied to military proceedings. *See United States v. Long,* 6 C.M.R. 60 (C.M.A.1952) (obstruction of justice applied to summary court-martial); *United States v. Daminger,* 31 C.M.R. 521 (A.F.B.R.1961) (obstruction of justice applied to an Article 32, UCMJ investigation); *United States v. Delaney,* 44 C.M.R. 367 (A.C.M.R.1971) (obstruction of justice applied to an Article 15 proceeding). The Court of Military Appeals has stated that "our case law clearly indicates the overriding concern of this provision of military law is the protection of 'the administration of justice in the military system.'" *United States v. Guerrero,* 28 M.J. 223, 227 (C.M.A.1989), *citing United States v.*

*Long,* 6 C.M.R. at 65. We do not believe that the Court of Military Appeals in *Guerrero* in any way meant to preclude prosecution of obstruction of justice by a soldier in a state proceeding. Indeed, such a narrow reading would be inconsistent within the basic elements of the offense in the Manual for Courts–Martial. The elements of the offense are:

(1) that the accused wrongfully did a certain act;

(2) that the accused did so in case of a certain person against whom the accused had reason to believe that there were or would be certain criminal proceedings pending;

(3) that the act was done with the intent to influence, impede, or otherwise obstruct the due administration of justice, and

(4) that under the circumstances, the conduct was to the prejudice of good order and discipline in the armed forces or was of a nature to bring discredit upon the Armed Forces.

Manual for Courts–Martial, United States, 1984, Part IV, para. 96b.

There is no limitation in these elements that the obstruction of administration of justice pertains solely to military justice. Here, in the case at bar, appellant acted to use his daughter's boyfriend, a soldier, and a promise to consent to the marriage of his minor daughter, in an attempt to change her testimony before a state court. We view appellant's acts to be conduct of such a nature as to bring discredit upon the Armed Forces.

Whenever a person subject to the Code acts to obstruct justice in a state criminal proceeding he should know that a military criminal investigation or proceeding could result as it did in the case before us. Since the Supreme Court's decision in *Solorio v. United States,* 483 U.S. 435, 107 S.Ct. 2924, 97 L.Ed.2d 364 (1987), *reh'g denied,* 483 U.S. 1056, 108 S.Ct. 30, 97 L.Ed.2d 819

in any other article of the code. These are referred to as "clauses 1, 2, and 3" of Article 134. Clause 1 offenses involve disorders and neglects to prejudice of good order and discipline in the armed forces. Clause 2 offenses involve conduct of a nature to bring discredit

upon the armed forces. Clause 3 offenses involve noncapital crimes or offenses which violate Federal law including law made applicable through the Federal Assimilative Crimes Act....

(1987), which returned jurisdiction to the military over any offenses committed by United States soldiers in a civilian setting, nothing restrains the military from deterring its members from interfering with a state criminal proceeding. With few procedural limitations, the military could try the case pending before the state court. The military has an interest in preserving the image that its servicemembers have integrity. Appellant's acts are clearly the discreditable conduct that Article 134 was intended to prohibit.

The remaining allegations of error,[3] to include those issues personally raised by appellant pursuant to *United States v. Grostefon,* 12 M.J. 431 (C.M.A.1982) are without merit.

The findings of guilty and the sentence are affirmed.

Judge NAUGHTON and Judge VARO concur.

---

**3.** Appellant also alleges that the pleas of guilty to two specifications concerning his daughter Erica, alleging sodomy and indecent liberties between 14 November 1986 and 1 February 1987, were improvident because they were beyond the three-year statute of limitations. The effective date of the change to Article 43(b)(1), UCMJ, 10 U.S.C. § 843(b)(1), which changed the three-year statute of limitations to five years was 14 November 1986. *United States v. Colley,* 29 M.J. 519, 522 (A.C.M.R.1990). In addition, after review of appellant's responses during the providence inquiry and the statement of Erica which is attached as part of the stipulation, we find, as a matter of fact, that the offenses occurred within the five years preceding the receipt of the additional charges by the summary court-martial authority. Consequently, we find the pleas to these offenses provident.