**UNITED STATES, Appellee,**

v.

**Sergeant First Class James D. SMITH, 249–78–8380, United States Army, Appellant.**

**ACMR 9000327.**

U.S. Army Court of Military Review.

15 Jan. 1993.

For Appellant: Lieutenant Colonel James H. Weise, JAGC, Major James M. Heaton, JAGC, Captain Edward T. Keable, JAGC (on brief).

For Appellee: Lieutenant Colonel Joseph A. Russelburg, JAGC, Major Joseph C. Swetnam, JAGC, Captain Jane F. Polcen, JAGC (on brief).

Before De GIULIO, ARKOW, and WALCZAK, Appellate Military Judges.

## OPINION OF THE COURT ON REMAND

De GIULIO, Senior Judge:

Appellant was tried by a military judge sitting as a general court-martial. Pursuant to his pleas, he was found guilty of one specification of attempted sodomy with a child, two specifications of rape, three specifications of sodomy, three specifications of indecent liberties with a female under the age of sixteen, and one specification of indecent acts, in violation of Articles 80, 120, 125, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 880, 920, 925, and 934 (1982) [hereinafter UCMJ]. Contrary to his pleas, he was found guilty of obstruction of

justice, in violation of Article 134, UCMJ, 10 U.S.C. § 934 (1982). He was sentenced to a dishonorable discharge, confinement for fifteen years, total forfeitures, and reduction to Private E1. The convening authority approved the sentence except that, in accordance with a pretrial agreement, he suspended confinement in excess of eight years and total forfeitures for eight years, for a period of eight years.

 On 15 January 1991, this Court affirmed the findings of guilty and the sentence. *United States v. Smith*, 32 M.J. 567 (A.C.M.R.1991). On 29 July 1992, the Court of Military Appeals set aside this Court's decision and remanded the case. *United States v. Smith*, 34 M.J. 319 (C.M.A.1992). Although the Court of Military Appeals held that obstruction of a state prosecution fell within the scope of Article 134, the case was remanded to this Court for examination of the issues now presented to this Court by appellant. 34 M.J. at 322, 324. In accordance with the remand, appellant's counsel submitted the following issues:

### I.

WHETHER SPECIFICATION 5 OF CHARGE III [OBSTRUCTION OF JUSTICE] STATES AN OFFENSE AS AMENDED BY THE EXCEPTIONS ANNOUNCED BY THE MILITARY JUDGE IN HIS FINDINGS.

### II.

WHETHER THE EVIDENCE REMAINING AFTER THE FINDINGS IS FACTUALLY SUFFICIENT TO SUSTAIN THE CONVICTION OF OBSTRUCTION OF JUSTICE.

We hold that the specification states an offense, that the evidence is sufficient to support the findings of guilty to that specification and charge, and affirm.

Appellant was arraigned, *inter alia*, on the following specification:

In that [appellant] did, at or near Clarksville, Tennessee, on or about 20 September 1989, wrongfully endeavor to impede a preliminary hearing in the Montgomery County, Tennessee, General Sessions Court and alter or influence the testimony of Tracy Smith and Erica Smith as a witness before a preliminary hearing in the case of *Tennessee v. Smith*, by promising to give parental consent for Jimmie Gale Boozer, Jr. to marry his daughter, Tracy Smith, who was at the time under the age of 18, if the said Jimmie Gale Boozer, Jr. would contact his daughter Tracy Smith, and convince her to change her testimony at the preliminary hearing, scheduled for 21 September 1989.[1]

The military judge found appellant guilty of this offense with exceptions. After findings, the specification reads as follows:

In that [appellant] did, at or near Clarksville, Tennessee, on or about 20 September 1989, wrongfully endeavor to impede a preliminary hearing in the Montgomery County, Tennessee, General Sessions Court and influence the testimony of Tracy Smith as a witness before a preliminary hearing in the case of *Tennessee v. Smith*, by promising to give parental consent for Jimmie Gale Boozer, Jr. to marry his daughter, Tracy Smith, who was at the time under the age of 18, if the said Jimmie Gale Boozer, Jr. would contact his daughter, Tracy Smith.

 Every essential element of an offense must be alleged in a specification either directly or by fair implication. Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial 307(c)(3) [hereinafter R.C.M.]; *United States v. Watkins*, 21 M.J. 208 (C.M.A.1986). Al-

---

1. This specification was tested for legal sufficiency in this Court's original opinion and in light of appellant's assertion of error that it did not state an offense because it involved a state proceeding rather than a military investigation or proceeding. Because the motion at trial was raised prior to pleas and the assertion of error was that the military judge erred by denying the motion, we examined the specification as of the time the motion was made. Thus, Chief Judge Sullivan's statement that this Court's decision contained factual errors is not accurate. *See United States v. Smith*, 32 M.J. 567, 568–569 (A.C.M.R.1991), *set aside and remanded*, 34 M.J. 319, 324 (C.M.A.1992).

though strict rules of pleading are no longer followed, a specification must allege the criminality of an accused's conduct directly or by implication. *United States v. Bryant,* 30 M.J. 72 (C.M.A.1990); *United States v. Brecheen,* 27 M.J. 67 (C.M.A. 1988); *United States v. Watkins,* 21 M.J. 208 (C.M.A.1986); *United States v. Berner,* 32 M.J. 570 (A.C.M.R.1991), *petition denied,* 33 M.J. 160 (C.M.A.1991). A specification must inform an accused of the offense against which he or she must defend. *Bryant,* 30 M.J. at 73; *Berner,* 32 M.J. at 75. The specification, considered with the entire record, must also protect an accused from further prosecution for the same offense. *Id.*

The elements of the offense of obstruction of justice are:

(1) that the accused wrongfully did a certain act;

(2) that the accused did so in a case of a certain person against whom the accused had reason to believe that there were or would be certain criminal proceedings pending;

(3) that the act was done with the intent to influence, impede, or otherwise obstruct the due administration of justice; and

(4) that under the circumstances, the conduct was to the prejudice of good order and discipline in the Armed Forces or of a nature to bring discredit upon the Armed Forces.

Manual for Courts–Martial, United States, 1984, Part IV, para. 96b.

In the case before us, we conclude that all the elements of the offense are contained in the specification expressly or by fair implication. The allegation included the act of trying to get Jimmie Gale Boozer, Jr., to contact Tracy Smith, in an effort to wrongfully impede a preliminary hearing and wrongfully influence her testimony in *Tennessee v. Smith.* The enticement here was the promise to give parental consent for the under-age daughter, Tracy Smith, to marry Jimmie Gale Boozer, Jr.

Evidence of record reflects that Private First Class (PFC) Boozer and appellant's under-age daughter, Tracy, entered into a romantic relationship and planned to marry. At the request of appellant, a superior of PFC Boozer gave PFC Boozer an order not to see Tracy anymore. Tracy had told PFC Boozer that appellant was sexually abusing her. PFC Boozer had reported the alleged abuse to his platoon sergeant and to a chaplain. At some point in time, several counts of aggravated assault and rape against the accused were pending before the Montgomery County General Sessions Court. The day before a hearing in that court,[2] appellant asked for a meeting with PFC Boozer. PFC Boozer's platoon sergeant was present at the meeting. At the meeting, according to PFC Boozer, appellant "just kept going over and over, 'when you see Tracy, tell her to get things straightened down in court and I'll let you two get married ... tell her to clear my name, and I'll let you two get married.' " PFC Boozer concluded that appellant would allow them to marry if he spoke to Tracy and got her to testify favorably for appellant. The platoon sergeant believed that appellant was "trying to get some kind of a deal." Appellant would give his consent to marriage if PFC Boozer "would call Tracy that night and let her know so that he could get this situation squared away." The acting platoon sergeant did not report the possible obstruction of justice because he thought he was only present to protect PFC Boozer.

Testing for legal sufficiency, viewing the evidence in a light most favorable to the government, we hold that a reasonable factfinder could have found all essential elements of the offense beyond a reasonable doubt. *See Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Testing for factual sufficiency, after weighing the evidence of record and making allowances for not having seen or heard the witnesses, we are convinced beyond a reasonable doubt of appellant's

---

**2.** It is unclear whether the hearing was an arraignment or a preliminary hearing. We are satisfied that it was a criminal proceeding.

guilt of the offense. Further, we find that there has not been a variance between the pleading and proof as they relate to this offense. *See United States v. Dotson*, 38 C.M.R. 150 (C.M.A.1968).

The remaining assertions of error, to include those raised personally by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A.1982), are without merit.

The findings of guilty and the sentence are affirmed.

Judge ARKOW and Judge WALCZAK concur.