**UNITED STATES, Appellee**

v.

**James D. SMITH, Sergeant First Class, U.S. Army, Appellant.**

No. 66,195.
CMR No. 9000327.

U.S. Court of Military Appeals.

Argued March 2, 1994.

Decided June 23, 1994.

For Appellant: *Captain Christopher W. Royer* (argued); *Colonel Stephen D. Smith, Lieutenant Colonel James H. Weise, Captain Michael A. Egan* (on brief); *Major James M. Heaton.*

For Appellee: *Captain Jane F. Polcen* (argued); *Colonel Dayton M. Cramer and Major Joseph C. Swetnam* (on brief).

*Opinion of the Court*

SULLIVAN, Chief Judge:

On July 29, 1992, this Court issued an opinion in this case (34 MJ 319, 324) setting aside the decision of the Court of Military Review (32 MJ 567 (1991)) and remanding

the record to that court for further review. On January 15, 1993, the Court of Military Review issued a second opinion in this case, again affirming the findings and sentence. 36 MJ 754. On September 21, 1993, this Court specified two issues for consideration, as follows:

I

DID THE ARMY COURT OF MILITARY REVIEW COMPLY WITH THE REMAND ORDER OF THIS COURT?

II

DID THE MILITARY JUDGE'S FINDINGS BY EXCEPTIONS WITH RESPECT TO SPECIFICATION 5 OF CHARGE III AMOUNT TO AN ACQUITTAL OF THAT SPECIFICATION BY FINDING APPELLANT NOT GUILTY OF AN ESSENTIAL ELEMENT OF THE OFFENSE?

We hold that the Court of Military Review erroneously made findings of fact in its earlier decision which were in direct conflict with specific not-guilty findings of the military judge. *United States v. Nedeau*, 7 USCMA 718, 721, 23 CMR 182, 185 (1957). We also hold that, under the circumstances of this case, the excepted finding of guilty actually entered by the judge does not state the offense of obstructing justice as delineated in military law. *See generally United States v. Mayo*, 12 MJ 286 (CMA 1982) and RCM 918(a)(1), Discussion, Manual for Courts-Martial, United States, 1984.

Appellant was charged with two specifications of obstructing justice, in violation of Article 134, Uniform Code of Military Justice, 10 USC § 934. One specification was dismissed by the judge prior to trial. The remaining specification stated:

SPECIFICATION 5: In that [appellant] did, at or near Clarksville, Tennessee, on or about 20 September 1989, wrongfully endeavor to impede a preliminary hearing in the Montgomery County, Tennessee, General Sessions Court and [alter or] influence the testimony of Tracy Smith [and Erica Smith] as a witness before a preliminary hearing in the case of *Tennessee v. Smith*, by promising to give parental consent for Jimmie Gale Boozer, Jr. to marry his daughter, Tracy Smith, who was at the time under the age of 18, if the said Jimmie Gale Boozer, Jr. would contact his daughter, Tracy Smith, [and convince her to change her testimony at the preliminary hearing, scheduled for 21 September 1989.]

Appellant pleaded not guilty to this specification, and the prosecution then presented evidence concerning it.

In this regard, we note that the Government's own witnesses provided differing testimony as to what appellant said to Private Boozer on or about September 20, 1989. Sergeant Fry testified that he witnessed appellant's discussion with Private Boozer on that date and appellant said that he and his wife would sign the consent-to-marriage form—"if he would call Tracy that night and let her know so that he could get this situation squared away." Private Boozer testified somewhat differently:

A. He came in and just said, "Tell Tracy to get things straightened out in court and I'll let you two get married. I'll sign the papers." He said, "Tell her to clear my name and I'll let you two get married." And I got the impression that he wanted me to come and tell her to come in here and lie, and I believe her. I really do believe her.

Q. Did Sergeant Smith tell you, or ask you, to request that Tracy lie?

A. Not directly, sir, but that was the approach that he made, and his attitude towards it led me to believe that that's what his intentions were.

The military judge subsequently found appellant guilty of the above specification with exceptions. He stated:

Of Specification 5 of Charge III: Guilty, except the words "alter or" and also "and Erica Smith" and the words "and convince her to change her testimony at the preliminary hearing scheduled for 21 September 1989." *Of the excepted words, not guilty;* and

Of Charge III: Guilty.

(Emphasis added.)

The Court of Military Review initially addressed the question "whether appellant can be charged with obstruction of justice when the specification fails to allege any attempt to influence any military investigation or proceeding but rather a state proceeding." In its opinion that court asserted that "appellant then contacted Private B and *told him that he would consent to the marriage of his daughter if Private B would convince Tracy to change her testimony at appellant's preliminary hearing in a Tennessee State Court.*" *Id.* at 568 (emphasis added). It also said, "Here, in the case at bar, appellant acted to use his daughter's boyfriend, a soldier, and a promise to consent to the marriage of his minor daughter, *in an attempt to change her testimony before a state court.*" *Id.* at 569 (emphasis added).

We asked the Court of Military Review to "reconsider its decision" in this case "in light of the facts as found by the military judge. Art. 66(c), UCMJ, 10 USC § 866(c)." 34 MJ at 324. The Court of Military Review responded, *inter alia,* as follows:

> Evidence of record reflects that Private First Class (PFC) Boozer and appellant's under-age daughter, Tracy, entered into a romantic relationship and planned to marry. At the request of appellant, a superior of PFC Boozer gave PFC Boozer an order not to see Tracy anymore. Tracy had told PFC Boozer that appellant was sexually abusing her. PFC Boozer had reported the alleged abuse to his platoon sergeant and to a chaplain. At some point in time, several counts of aggravated assault and rape against the accused were pending before the Montgomery County General Sessions Court. The day before a hearing in that court, appellant asked for a meeting with PFC Boozer. PFC Boozer's platoon sergeant was present at the meeting. At the meeting, according to PFC Boozer, appellant "just kept going over and over, 'when you see Tracy, tell her to get things straightened down in court and I'll let you two get married ... tell her to clear my name, and I'll let you two get married.'"

> PFC Boozer concluded that appellant would allow them to marry if he spoke to Tracy and got her to testify favorably for appellant. The platoon sergeant believed that appellant was "trying to get some kind of a deal." Appellant would give his consent to marriage if PFC Boozer "would call Tracy that night and let her know so that he could get this situation squared away." The acting platoon sergeant did not report the possible obstruction of justice because he thought he was only present to protect PFC Boozer.

> Testing for legal sufficiency, viewing the evidence in a light most favorable to the government, we hold that a reasonable factfinder could have found all essential elements of the offense beyond a reasonable doubt. *See Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Testing for factual sufficiency, after weighing the evidence of record and making allowances for not having seen or heard the witnesses, we are convinced beyond a reasonable doubt of appellant's guilt of the offense. Further, we find that there has not been a variance between the pleading and proof as they relate to this offense. *See United States v. Dotson,* [17 USCMA 352,] 38 CMR 150 (1968).

36 MJ at 756 (footnote omitted).

---

The general court-martial order in this case states that appellant was found guilty of "wrongful obstruction of justice," in violation of Article 134. The record of trial further makes clear that the military judge and all parties to this trial viewed the findings of guilty to specification 5 of Charge III in terms of the military offense of obstructing justice as delineated in paragraph 96, Part IV, Manual, *supra. See generally United States v. Long,* 2 USCMA 60, 6 CMR 60 (1952). Accordingly, the particular question now before us for review is whether specification 5 of Charge III *as amended by the military judge*'s findings states the military offense of obstructing justice under Article 134. *Cf. United States v. Choate,* 32 MJ 423, 425 (CMA 1991).

■ We again note that appellant at trial did not particularly challenge the military judge's excepted findings of guilty to specification 5 on the basis that it failed to state the military offense of obstructing justice. *See United States v. Smith,* 34 MJ at 324. However, he did earlier challenge the original specification on this basis because it concerned civilian legal proceedings and alleged conduct which might advance justice. Moreover, RCM 907(b)(1)(B) provides that failure of a specification to state an offense is among the "[n]onwaivable grounds" for dismissal which can be raised "at any stage of the proceedings." *See United States v. Fout,* 3 USCMA 565, 567, 13 CMR 121, 123 (1953). *See generally* D. Schlueter, *Military Criminal Justice* § 13–3(F) at 455–56 (3d ed.1992). Finally, appellant pleaded not guilty (*cf. United States v. Watkins,* 21 MJ 208, 209 (CMA 1986)) and challenged the sufficiency of the amended specification on his second appeal. In these circumstances, we conclude that the legal sufficiency of the excepted finding of guilty to specification 5 is a proper issue for review by this Court and the Court of Military Review. *United States v. Fout, supra.*

Turning to the legal-sufficiency question, we note our earlier opinion in this case, where we specifically held that the original unexcepted specification did allege the military offense of obstruction of justice under Article 134. *See* 34 MJ at 321–22. However, we also cited the excepted language from the specification and the judge's specific findings of not guilty to the excepted language. We opined that such judicial action might change our earlier legal conclusion on legal sufficiency and, in any event, conflicted with findings of fact made by the Court of Review in its first opinion in this case. *Id.* at 324. In light of our subsequent remand and the response of the court below, we deem some comment appropriate on the scope of the Court of Military Review's power to find facts contrary to those found by the factfinder.

Our starting point in addressing this question is Article 66(c), UCMJ, 10 USC § 866(c), which states:

(c) In a case referred to it, *the Court of Military Review may act only with respect to the findings and sentence as approved by the convening authority. It may affirm only such findings of guilty,* and the sentence or such part or amount of the sentence, *as it finds correct in law and fact and determines, on the basis of the entire record, should be approved.* In considering the record, it may weigh the evidence, judge the credibility of witnesses, and determine controverted questions of fact, recognizing that the trial court saw and heard the witnesses.

(Emphasis added.)

■ This Court has viewed this statute as conferring an "awesome, plenary, *de novo* power of review" on the Courts of Military Review. *See United States v. Cole,* 31 MJ 270, 272 (CMA 1990). *See also United States v. Claxton,* 32 MJ 159, 162 (CMA 1991). At issue in this case is whether Article 66 permits a Court of Military Review to find as facts certain allegations in a specification which a factfinder has found an accused not guilty of. We think not. *See generally United States v. Dean,* 7 USCMA 721, 724–25, 23 CMR 185, 188–89 (1957).

Several reasons exist for our conclusion. First, Article 66(c) provides that a "Court of Military Review may act *only* with respect to the findings ... as approved by the convening authority" and "may affirm only such findings of guilty." (Emphasis added.) A convening authority, of course, has no power to direct a judge to change his findings of not guilty (*see* Art. 60(e)(2)(A), UCMJ, 10 USC § 860(e)(2)(A)(1983); *United States v. Ware,* 1 MJ 282 (CMA 1976)) or on his own to change a finding of not guilty to guilty (*see* Art. 60(c)(3)). Second, the powers of appellate review in the military justice system *generally* were designed to benefit an accused, not to prejudice him by leading to a more serious conviction or a more severe sentence. *United States v. Dean,* 7 USCMA at 724–25, 23 CMR at 188–89. *But see* Art. 62, UCMJ, 10 USC § 862 (1983). Finally, this Court has expressly held that a Court of Military Review may not make findings of

fact contradicting findings of not guilty reached by the factfinder. *United States v. Nedeau, supra. See also United States v. Hogan,* 20 MJ 221 (CMA 1985). Accordingly, the Court of Military Review's initial statement of fact that appellant requested Boozer to convince his daughter to change her testimony was inappropriate, even if supported by some evidence in the record.

■ The remaining question in this case is whether the findings of guilty as amended by the military judge's exceptions state the offense of obstruction of justice under military law. *See* RCM 918(a)(1), Discussion. *See generally* W. Winthrop, *Military Law and Precedents* 380–81 (2d ed. 1920 Reprint). Generally, we note that the military offense of obstructing justice requires the doing of "a wrongful act" with "the intent to influence, impede, or otherwise obstruct the due administration of justice" in a criminal or potentially criminal case. Para. 96b, Part IV. "Examples of obstruction of justice" provided in the Manual

> include wrongfully influencing, intimidating, impeding, or injuring a witness, a person acting on charges under this chapter, an investigating officer under RCM 406, or a party; and by means of bribery, intimidation, misrepresentation, or force or threat of force delaying or preventing communication of information relating to a violation of any criminal statute of the United States to a person authorized by a department, agency, or armed force of the United States to conduct or engage in investigations or prosecutions of such offenses; or endeavoring to do so.

*See also United States v. Long,* 2 USCMA at 65–66, 6 CMR at 65–66. Accordingly, the challenged finding of guilty must expressly or by fair implication allege an act "which produces or which is capable of producing an effect that prevents justice from being duly administered." *United States v. Howard,* 569 F.2d 1331, 1335 (5th Cir.1978). *See generally* R. Perkins and R. Boyce, *Criminal*

*Law* 552 (3d ed.1982). *Cf. United States v. Wood,* 6 F.3d 692, 697 (10th Cir.1993) (natural-and-probable-effect test).

Turning to the present case, we note that the military judge found appellant guilty of promising Private Boozer future parental consent to marry his daughter if he "would contact" her. The judge, however, also specifically found that appellant was not guilty of asking Private Boozer to "convince" his daughter "to change her testimony at the preliminary hearing, scheduled for 21 September 1989." Thus, the military judge eliminated the gravamen of the obstructing-justice offense as originally pleaded, *i.e.,* having a third party approach a witness and convince her to change her testimony. *See generally United States v. Forrest,* 623 F.2d 1107, 1114 (5th Cir.1980); *United States v. Fasolino,* 586 F.2d 939 (2d Cir.1978).

Of course, simply informing a prosecution witness of a possible future benefit to be given by a criminal defendant might also influence that witness and thus constitute obstruction of justice. *See generally* 4 *Wharton's Criminal Law* § 589 at 299–301 (C. Tortia 14th ed.1981), *citing State v. Ventola,* 122 Conn. 635, 191 A. 726 (1937). Here, however, the promise of future parental consent to marry was allegedly made to the third party as consideration for his contacting the witness. Moreover, there was no allegation left in the specification as to when the third party was required to contact the witness or whether such contact should entail any communications including the promise of future marital consent by appellant. *See generally Remmer v. United States,* 347 U.S. 227, 229, 74 S.Ct. 450, 451, 98 L.Ed. 654 (1954) (any contact about the matter pending). Such neutral conduct[1] cannot reasonably be considered an act which is capable of producing an effect on a state proceeding scheduled for the next day. *See United States v. Neal,* 951 F.2d 630, 632 (5th Cir. 1992) (writing letter of concern purportedly from a juror in a completed case to judge); *United States v. Haas,* 583 F.2d 216, 221 (5th

---

1. No legal basis has been presented to this Court from which we can conclude that "contact of a witness" by a third party, especially one's fiancee, includes direct or indirect communication of information to that party which might influence their testimony. *Cf. Anderson v. United States,* 215 F.2d 84, 88 (6th Cir.1954) (contact of witness by party).

Cir.1978) (communicating information about pending proceeding to member of grand jury). *See also United States v. Barfield,* 999 F.2d 1520, 1525 n. 6 (11th Cir.1993) (seeking to obtain from witness with prior conflicting statement a new statement of facts as defendant believes them to be without undue influence is not obstruction of justice). Accordingly, regardless of the more particular evidence adduced at trial showing such a communication was in fact requested, we hold that, under the circumstances of this case, this specification is fatally defective and the amended finding of guilty must be set aside. *See United States v. Mayo,* 12 MJ at 288; *United States v. Fout, supra.*

We are satisfied that this action does not prejudice appellant as to sentence.

The decision of the United States Army Court of Military Review on remand as to specification 5 of Charge III is reversed; the finding of guilty as to that specification is set aside, and that specification is dismissed. In all other respects,[2] the decision below is affirmed.

Judges COX, CRAWFORD, and WISS concur.

GIERKE, Judge (concurring in the result):

I disagree with the majority's holding that "the excepted finding of guilty actually entered by the judge does not state the offense of obstructing justice as delineated in military law." 39 MJ at 449. I also do not

agree that "the military judge eliminated the gravamen of the obstructing-justice offense as originally pleaded." 39 MJ at 451. The specification as modified by the military judge's finding states that appellant "wrongfully endeavor[ed] to impede a preliminary hearing ... and ... influence the testimony of Tracy Smith ... as a witness before a preliminary hearing." In my view, a finding that appellant wrongfully endeavored to impede a hearing and influence testimony before that hearing is sufficient to state an offense.

I am willing to concur in the result, however, because I believe that the finding is ambiguous. In my view, the basis for the military judge's finding is unclear. He may have excepted the words as mere surplusage. He may have regarded the excepted words as inaccurate because there was no testimony to change, since Tracy Smith had not yet testified. I cannot determine whether the military judge intended to find appellant not guilty of an essential element of the offense or whether he merely intended to clean up inaccurate or unnecessary language in the specification. In view of the length of time that this case has been in appellate litigation, I believe that the ends of justice are best served by resolving the ambiguity in favor of appellant and terminating the litigation, especially since we are dealing with an offense which, in the overall context of the case, is rather minor and certainly had no effect on the sentence.

2.  *See* 36 MJ at 754–55 and 757.