STUCKY, Judge
(dissenting):
The military judge convicted Appellant by exceptions and substitutions to the specification alleged in the charge sheet. Appellant did not object to that finding until after the court-martial was adjourned, when he submitted matters to the convening authority under Rule for Court-Martial (R.C.M.) 1105. Appellant’s failure to raise the issue before the court adjourned constitutes waiver. R.C.M. 905(e). If Appellant did not waive his ability to raise the issue on appeal, then the finding by exceptions and substitutions was a fatal variance (both material and prejudicial). Therefore, I respectfully dissent.
I. Waiver
Citing United States v. Finch, 64 M.J. 118, 121 (C.A.A.F.2006), the majority asserts that: “[W]e review a military judge’s findings by exceptions and substitutions for plain error.” United States v. Treat, 73 M.J. 331, 335 (C.A.A.F. 2014). I disagree.
Finch cites R.C.M. 905(e) as the basis for this plain error standard but does not examine the language of the rule. R.C.M. 905(e) provides:
Failure by a party to raise defenses or objections or to make motions or requests which must be made before pleas are entered under subsection (b) of this rule shall constitute waiver. The military judge for good cause shown may grant relief from the waiver. Other motions, requests, defenses, or objections, except lack of jurisdiction or failure of a charge to allege an offense, must be raised before the court-martial is adjourned for that case and, *339 unless otherwise provided in this Manual, failure to do so shall constitute waiver.
It does not say “forfeit,” “forfeit absent plain error,” or “waive absent plain error.” It says “shall constitute waiver.” Therefore, as Appellant failed to object before the courts martial was adjourned, we should consider the variance issue waived.
The majority cites two grounds for concluding that the issue should not be considered waived: (1) Appellant challenged the Government’s theory of the ease concerning the flight number during his closing argument; and (2) the Government did not appeal the United States Army Court of Criminal Appeals’ adverse ruling on this issue to this Court. Treat, 73 M.J. at 335-36 n. 1. But Appellant made no R.C.M. 917 motion for a finding of not guilty,[1] and his findings argument alone, in which he challenged the sufficiency of the Government’s evidence that he missed flight TA4B702, is not an objection to the military judge’s finding by exceptions and substitutions. And whether the Government failed to raise the issue of waiver on this particular issue is irrelevant. R.C.M. 905(e) clearly states that an accused’s failure to raise the issue before the court-martial is adjourned constitutes waiver, unless the objection is covered by some other rule. In this case, Appellant failed to object, and the objection is not covered by another rule. Appellant’s failure constitutes waiver, and we should not consider this assignment of error.
II. Plain Error
If, as the majority holds, we must review the finding by exceptions and substitutions for plain error, Appellant has established that the material variance was obvious error that prejudiced his substantial rights: (1) he may have been convicted of missing the very flight the military judge acquitted him of missing; and (2) he was denied adequate notice and the opportunity to defend.
Appellant was charged with missing the movement of a specific flight, flight TA4B702. The defense counsel initiated a three-pronged attack against the Government’s case. First, she established that all elements of Appellant’s unit did not deploy together, suggesting that Appellant may not have been required to deploy with Main Body 1. Second, with the assistance of the trial counsel and the military judge, the defense counsel successfully frustrated the Government’s attempts to prove the number of the flight that Appellant was charged with missing and to enter the flight manifest into evidence. And third, she highlighted the Government’s failure to disprove the inability defense Appellant had raised in the sworn statement he provided to a military policeman and which the Government introduced into evidence: that he missed the movement because he had been kidnapped.
The defense counsel made the failure of the Government to prove the flight number one of the foci of her closing argument:
Well, the government has charged that Sergeant Treat missed a flight on that date. A flight that, according to all sources, never existed. It did not take off. There was no movement to miss on the 17th of November, ma’am, because that flight didn’t go anywhere. And what happened on-the 17th according to Sergeant Mathis? He called Sergeant Treat and said, “We’re not leaving today. Stand down.”
There is simply no evidence with which to convict Sergeant Treat of missing a movement under Article 87 since that movement didn’t exist. We don’t even know the flight number for sure. There has been no credible evidence before this court as to what the actual the [sic] flight number was on the 17th of November. None of the witnesses knew the flight number. We don’t even know if the flight number would have stayed the same or changed when they actually flew on 19 November.
*340 The military judge thereafter convicted Appellant by exceptions and substitutions of missing “the movement of the flight dedicated to transport Main Body 1 of the 54th Engineer Battalion.”
The majority holds that the military judge’s finding was a material variance. I agree. The military judge’s finding substantially changed the nature of the offense. See Marshall, 67 M.J. at 420-21 (changing the name of the individual from whose custody the appellant allegedly escaped was a material variance) (citing Finch, 64 M.J. at 121). But I cannot agree with the majority’s conclusion that Appellant was not prejudiced. Treat, 73 M.J. at 337.
In United States v. Nedeau, the appellant was charged in one specification with larceny of various specific food items — seven pounds of ground beef, ten pounds of canned ham, five pounds of cheese, etc. 7 C.M.A. 718, 719, 23 C.M.R. 182, 183 (1957). The court members convicted him by exceptions and substitutions of larceny of “foodstuffs.” Id., 23 C.M.R. at 183. The Court of Military Appeals held that the finding of the court-martial changed the nature and identity of the offense charged. Id. at 720, 23 C.M.R. at 184. As a finding by exception “constitutes a finding that the accused is not guilty of what is alleged in the excepted language,” it appears that Staff Sergeant Nedeau must have been convicted of larceny of food items other than those alleged in the specification. Id., 23 C.M.R. at 184. This was a fatal variance. Id. at 721, 23 C.M.R. at 185.
Sergeant Treat is in a somewhat similar situation. By excepting the flight number, the military judge acquitted him of missing ■ the movement of flight TA4B702 but convicted him of more general language — “missing the movement of the flight dedicated to transport Main Body 1 of the 54th Engineer Battalion from Ramstein Air Base, Germany, to Manas Air Base, Kyrgyzstan.” I see two related problems resulting from this finding:
(1) Flight TA4B702 is necessarily a subset of the universe of flights that could have transported Main Body 1. By substituting for the excepted language the more general language, Appellant may have been convicted of missing the movement of TA4B702, the same flight he was acquitted of missing. That would amount to a Double Jeopardy Clause violation. See United States v. Stewart, 71 M.J. 38, 43 (C.A.A.F.2012) (finding accused guilty of aggravated sexual assault for engaging in a sexual act with a person who was substantially incapable of declining participation in the sexual act, after acquitting him of aggravated sexual assault for engaging in a sexual act with a person who was substantially incapacitated violated the Double Jeopardy Clause).
(2) If Appellant was convicted of missing the movement of some flight other than TA4B702, then he was not given notice and an opportunity to defend against it. By broadening- the offense from missing flight TA4B702 to missing whatever flight was scheduled to transport Main Body 1, the military judge made Appellant’s defense— that the Government failed to establish that he missed flight TA4B702 — irrelevant.
Therefore, if Appellant did not waive the issue, I would hold that the material variance in this case was fatal, and would reverse.

. Nor did the military judge raise the issue of her own accord. I recognize that the defense counsel may have intentionally not made an R.C.M. 917 motion, fearing that the military judge would have permitted the trial counsel to reopen the case. R.C.M. 917(b) Discussion. Nevertheless, choices have consequences. See United States v. Marshall, 67 M.J. 418, 420 (C.A.A.F.2009) (concluding an R.C.M. 917 motion was sufficient to preserve the issue of a fatal variance for appeal).