UNITED STATES

v.

Airman First Class Mark D. KING,
United States Air Force.

ACM 32594 (recon).

U.S. Air Force Court of Criminal Appeals.

Sentence Adjudged 26 Nov. 1996.

Decided 21 April 1999.

Appellate Counsel for Appellant: Colonel Douglas H. Kohrt and Captain Tishlyn E. Taylor.

Appellate Counsel for the United States: Colonel Anthony P. Dattilo, Colonel Michael J. Breslin, Major Ronald A. Rodgers, and Captain Martin J. Hindel.

SNYDER, Chief Judge, YOUNG, Senior Judge, SENANDER, SPISAK and SCHLEGEL, Appellate Military Judges En Banc.

## OPINION OF THE COURT UPON RECONSIDERATION

SPISAK, Judge:

Our original opinion in this case was unpublished. *United States v. King,* ACM 32594 (A.F.Ct.Crim.App. June 30, 1998) (unpub. op.). That opinion is hereby withdrawn. In our original review of this case, we dismissed Charge II and its specification and reassessed the sentence. Appellate government counsel subsequently submitted a timely motion for *en banc* reconsideration. We granted the government's motion and also specified the following two issues:

I.

DID THE MILITARY JUDGE COMMIT PREJUDICIAL ERROR BY DENYING THE TRIAL DEFENSE COUNSEL'S REQUEST, AFTER ANNOUNCEMENT

OF FINDINGS, THAT THE MILITARY JUDGE DIRECT THE MEMBERS TO CLARIFY THEIR FINDINGS WITH RESPECT TO CHARGE II AND ITS SPECIFICATION? IF SO, HOW SHOULD THE MILITARY JUDGE HAVE ACCOMPLISHED SUCH CLARIFICATION?

## II.

DID THE TRIAL DEFENSE COUNSEL WAIVE ANY ERROR IN THE FINDINGS OF GUILTY TO CHARGE II AND ITS SPECIFICATION BY FAILING TO REQUEST AN INSTRUCTION CONCERNING VOTING ON EACH THREAT, OR WAS HIS REQUEST FOR CLARIFICATION OF FINDINGS SUFFICIENT TO PRESERVE ANY ISSUE REGARDING THE FINDINGS OF GUILTY?

The appellant pled guilty to one charge of attempted possession of LSD and not guilty to a charge of communicating a threat. The threat specification, as charged, read:

In that AIRMAN FIRST CLASS MARK D. KING, United States Air Force, 9th Munitions Squadron, did, at or near Beale Air Force Base, California, on divers occasions on or about 12 July 1996, wrongfully communicate to Senior Airman Jason Bartol a threat to kill or injure Senior Airman Bartol.

Members found the appellant guilty of communicating a threat, but not guilty of the words "on divers occasions." The convening authority approved the findings and sentence of a bad-conduct discharge, confinement for 9 months, forfeiture of all pay and allowances and reduction to E–1. Finding prejudicial error, we modify the findings and reassess the sentence but otherwise affirm.

The government presented evidence at trial that the appellant made two separate threats to Senior Airman (SrA) Bartol on 12 July 1996. The first, made at the base gymnasium on Beale Air Force Base (AFB), California, consisted of his concurring when a friend told SrA Bartol that if he were working with the Air Force Office of Special Investigations the appellant and his friend would have to kill SrA Bartol. The government evidence indicated that the second threat was made later that same day at a campground near Beale AFB. This time, the appellant approached SrA Bartol with a knife in his hand and said, "... good thing you're here by yourself, brother, 'cause I was gonna stick your ass."

In our earlier opinion we found that the finding of guilty of communicating a threat was ambiguous because it gave no indication of which threat the members had found the appellant guilty. In a footnote, we suggested that this ambiguity could have been avoided if the government had not used a duplicitous specification. We do not question the wisdom of charging more than one unlawful act in a single specification; however, when such pleadings are used, trial practitioners must be alert to the possibility of ambiguous findings. In such cases, practitioners must take precautions to assure that such ambiguities are avoided or corrected before findings—the sooner the better to avoid having the ambiguity locked in impenetrable concrete.

 The law requires a verdict to be certain, definite and free from ambiguity. *United States v. Dilday,* 47 C.M.R. 172, 173, 1973 WL 14692 (A.C.M.R.1973). Government appellate counsel argue that we can use our Article 66(c), UCMJ, authority to eliminate any uncertainty or ambiguity. They believe that we can determine whether or not there is sufficient evidence that the appellant committed one of the offenses and, if we find such evidence, affirm the finding of guilty. However, even using our Article 66(c) authority, we have no power to make findings of fact, which contradict findings of not guilty reached by the factfinder. *United States v. Nedeau,* 23 C.M.R. 182, 1957 WL 4457 (C.M.A.1957). *See also United States v. Hogan,* 20 M.J. 221 (C.M.A.1985).

 The government's argument is enticing, particularly in light of the liberal rule which we generally follow in interpreting jury verdicts. *United States v. Darden,* 1 M.J. 574, 575 (A.C.M.R.1975); *United States v. Stewart,* 48 C.M.R. 877, 878 (A.C.M.R. 1974). *See also State v. Broadnax,* 216 La. 1003, 45 So.2d 604 (La.1950). Informalities

or inaccuracies in a verdict are immaterial if the court members' intent is clear. *United States v. McCready*, 17 C.M.R. 449, 1954 WL 2643 (A.B.R.1954). To find that intent, we may look to the pleadings and the record. *United States v. Graham*, 36 C.M.R. 945, 1966 WL 4587 (A.F.B.R.1966) (failure to except or substitute language appropriate to lesser included offense not fatal where intent clear from record); *United States v. Cameron*, 34 C.M.R. 913, 1964 WL 5126 (A.F.B.R. 1964) (findings by exception and substitution which lacked necessary intent and descriptive language, supported by record); *United States v. Chism*, 31 C.M.R. 421 (N.B.R.1961) (failure to reference time and place not fatal to findings of guilty where evidence unequivocally established these elements and protected against double jeopardy).

We have again carefully reviewed the record in an effort to find the sort of evidence that would enable us to support the finding of guilt to Charge II. *Darden; Dilday.* Such evidence is simply not there. Instead, we find that if the members' disbelieved the government witnesses, they might have acquitted the appellant of the threat at the gym. On the other hand, if they accepted the defense position that the threat made at the campground was made in jest or was contingent on an event that the appellant did not believe could possibly occur, they might have acquitted the appellant of the second threat made at the campground. Our dilemma is that we cannot tell from the record what the members found. *See United States v. Smith*, 39 M.J. 448, 453 (C.M.A.1994) (Gierke, J., dissenting). Under these circumstances, if we use our Article 66(c) power, we risk finding as fact allegations of which the factfinder found the appellant not guilty. Thus, we conclude that the military judge did err when he denied trial defense counsel's request for clarification of the members' finding. We also conclude that trial defense counsel could not waive this error by failing to request clarifying instructions. Such a conclusion would mean that unless raised by defense, we will approve an ambiguous finding of guilty regardless of the strength or weakness of the evidence or the actual conclusions of the finder of fact. Article 66(c) does not grant us that authority. *Id.* at 451.

Our holding in this case need not result in an undesirable multiplication of charges in future cases. Even here, the problem with this ambiguous finding could have been avoided in a number of ways. First, the charge might easily have been drafted to include the specific language of each of the two threats thus enabling the members to except out not merely "on divers occasions," but also the language that they found did not constitute a threat. Second, even with the specification as drafted, the findings worksheet might have given the members more options. For instance, rather than merely allowing them to except out the words "on divers occasions," they might have been given options to not only except this language but to specify of which threat they found the appellant guilty (*i.e.*, "at the gym" or "in the campground"). The evidence presented would certainly have supported such substitutions. Third, the judge in his instructions might have advised the members of their power to make such substitutions in order to clarify their verdict. Finally, when all else failed and defense counsel pointed out to the court that the findings were unclear, the military judge might have asked the court president simply, "Of which threat did you find the accused guilty?" Such a question would not have required a polling of the jury, but would have clarified the findings on the record and simplified our review.

Charge II and its specification are dismissed. We now must reassess the appellant's sentence. We may reassess a sentence instead of ordering a rehearing only if we "confidently can discern the extent of the error's effect on the sentencing authority's decision." *United States v. Reed*, 33 M.J. 98, 99 (C.M.A.1991). Therefore, we must "first determine what sentence the court-martial would probably have adjudged if the error had not been committed at trial." *United States v. Peoples*, 29 M.J. 426, 427 (C.M.A. 1990). We do that by putting ourselves in the shoes of the sentencing authority. To do so, we can only consider the evidence that was before the sentencing authority at trial. After we reassess the sentence, we must consider the entire record and the allied papers in performing our statutory duty to

determine whether the sentence is appropriate. *Id.* at 428. We are satisfied that we can make this determination.

Having considered both the seriousness of appellant's offense and having given appropriate consideration to his prior service and military character, we approve only so much of the sentence as provides for a bad-conduct discharge, confinement for 7 months, and reduction to E–1. The sentence, as reassessed, is appropriate.

Accordingly, the modified findings and the sentence, as reassessed, are correct in fact and law, Article 66(c), UCMJ, and are hereby

AFFIRMED.

Chief Judge SNYDER, Senior Judge YOUNG, Judge SENANDER, and Judge SCHLEGEL concur.