UNITED STATES

v.

**Airman Basic Ricky L. WALTERS II, United States Air Force.**

**ACM 34575.**

U.S. Air Force Court of Criminal Appeals.

Sentence Adjudged 7 March 2001.

Decided 20 June 2002.

Appellate Counsel for Appellant: Colonel Beverly B. Knott, Major Jeffrey A. Vires, and Captain Jennifer K. Martwick.

Appellate Counsel for the United States: Colonel Anthony P. Dattilo, Lieutenant Colonel Lance B. Sigmon, and Captain Adam Oler.

*En Banc* YOUNG, SCHLEGEL, BURD, BRESLIN, HEAD, ROBERTS, and PECINOVSKY, Appellate Military Judges.

## OPINION OF THE COURT

BRESLIN, Senior Judge:

The appellant was charged with the wrongful use of methylenedioxy-metham-phetamine (also known as MDMA, or "ecstasy") on divers occasions between 1 April and 18 July 2000, and distribution of ecstasy during that period, in violation of Article 112a, UCMJ, 10 U.S.C. § 912a. He pled not guilty. The general court-martial, composed of officer and enlisted members, found the appellant guilty of wrongfully using ecstasy, but excepted the words, "on divers occasions," and substituted the words, "on one occasion." The court-martial acquitted the appellant of the distribution charge. The sentence adjudged and approved was a bad-conduct discharge, confinement for 30 days, and forfeiture of all pay and allowances.

Citing this Court's opinion in *United States v. King,* 50 M.J. 686 (A.F.Ct.Crim. App.1999) (en banc), the appellant now contends that the findings may not be approved because they are ambiguous. Specifically, the appellant argues that the finding of guilty to drug use on "one occasion" does not indicate which of three alleged uses of ecstasy the court members found proven beyond a reasonable doubt, and therefore this Court cannot approve the findings. We find the evidence legally and factually sufficient, and affirm.

This case highlights the practical difficulties that arise when several like offenses are alleged in a single specification—the so-called duplicitous pleading. Rule for Courts–Martial (R.C.M.) 307(c)(3), Discussion (G)(iv), provides,

*Duplicitousness.* One specification should not allege more than one offense, either conjunctively (the accused "lost and destroyed") or alternatively (the accused "lost or destroyed"). However, if two acts or a series of acts constitute one offense, they may be alleged conjunctively. *See* R.C.M. 906(b)(5).

*See United States v. Oliver,* 56 M.J. 779, 783–84 (A.F.Ct.Crim.App.2002) (specifications charging an offense in the alternative resulted in ambiguity in the findings).

 While the guidance in the discussion to R.C.M. 307 recommends against duplicitous pleadings, it is clear they are not prohibited by law. *United States v. Mincey,* 42 M.J. 376, 378 (1995) (may allege multiple

worthless check offenses in a single specification); *United States v. Aloyian*, 36 C.M.R. 489, 493, 1966 WL 4521 (C.M.A.1966) (may allege multiple drug offenses in a single specification); *United States v. Means*, 30 C.M.R. 290, 292–93, 1961 WL 4440 (C.M.A.1961) (proper to allege marijuana use over a period of time as a single offense). *See also Griffin v. United States*, 502 U.S. 46, 51, 112 S.Ct. 466, 116 L.Ed.2d 371 (1991) (an indictment may allege, in a single count, that the defendant violated a statute in several different ways); *Schad v. Arizona*, 501 U.S. 624, 631, 111 S.Ct. 2491, 115 L.Ed.2d 555 (1991) ("an indictment need not specify which overt act, among several named, was the means by which a crime was committed"); Fed. R.Crim.P. 7(c)(1) ("It may be alleged in a single count that the ... defendant committed [the offense] by one or more specified means.").

Even though the Rules for Courts–Martial indicate that duplicitous pleadings are disfavored, military case law suggests otherwise. Our superior court has repeatedly recognized that consolidating numerous individual acts into a single specification is a great benefit to an accused, by reducing the maximum punishment or, at least, eliminating a possible exaggeration of charges. *See United States v. Poole*, 26 M.J. 272, 274 (C.M.A.1988); *United States v. Lovejoy*, 42 C.M.R. 210, 211–12, 1970 WL 7047 (C.M.A.1970). Indeed, were the government to charge each separate offense in a separate specification, it could face an allegation of unreasonable multiplication of charges. *See generally United States v. Quiroz*, 55 M.J. 334, 337–38 (2001) (outlining the history of the prohibition against unreasonable multiplication of charges in military law).

Some of the problems attributed to duplicitous pleadings are that an accused "may have difficulty in preparing his defense; may be exposed to double jeopardy; and may be deprived of his right to jury concurrence concerning his commission of the crime." *United States v. Holt*, 33 M.J. 400, 402 (C.M.A.1991) (quoting *United States v. Vidal*, 23 M.J. 319, 325 (C.M.A.), *cert. denied*, 481 U.S. 1052, 107 S.Ct. 2187, 95 L.Ed.2d 843 (1987)). *See also United States v. Neblock*,

45 M.J. 191, 199 n. 8 (1996) (citing *United States v. Duncan*, 850 F.2d 1104, 1108 n. 4 (6th Cir.1988)).

■ The issue in this case focuses on one specific problem arising from duplicitous pleadings. The question is this: where numerous specific offenses are included within a single specification and a court-martial returns a general verdict of guilty, how can reviewing authorities know which offense or offenses formed the basis of the verdict?

The common-law rule in criminal cases is that a general verdict is valid so long as it is legally supportable on one of the submitted grounds, and that reviewing courts presume that the verdict rested upon the valid charge. As one might expect, this is not a new question in our criminal law. The Supreme Court of the United States has discussed the history of the common-law rule in several cases.

> It was settled law in England before the Declaration of Independence, and in this country long afterwards, that a general jury verdict was valid so long as it was legally supportable on one of the submitted grounds even though that gave no assurance that a valid ground, rather than an invalid one, was actually the basis for the jury's action.

*Griffin*, 502 U.S. at 49, 112 S.Ct. 466. In *Griffin*, the Supreme Court noted that this common-law rule applied to a general verdict under a single count charging the commission of an offense by two or more means. *Griffin*, 502 U.S. at 50, 112 S.Ct. 466. *See also Claassen v. United States*, 142 U.S. 140, 146, 12 S.Ct. 169, 35 L.Ed. 966 (1891); *Snyder v. United States*, 112 U.S. 216, 217, 5 S.Ct. 118, 28 L.Ed. 697 (1884); *Clifton v. United States*, 45 U.S. 242, 250, 4 How. 242, 11 L.Ed. 957 (1846). "The general rule is that when a jury returns a guilty verdict on an indictment charging several acts in the conjunctive, as Turner's indictment did, the verdict stands if the evidence is sufficient with respect to any one of the acts charged." *Turner v. United States*, 396 U.S. 398, 420, 90 S.Ct. 642, 24 L.Ed.2d 610 (1970).

The Supreme Court and the federal courts continue to apply this common-law rule. *See generally United States v. Brown*, 55 M.J.

375, 389–90 (2001) (Crawford, C.J., concurring in part and dissenting in part).

[A] federal jury need not always decide unanimously which of several possible sets of underlying brute facts make up a particular element, say, which of several possible means the defendant used to commit an element of a crime. *Schad v. Arizona*, 501 U.S. 624, 631–32, 111 S.Ct. 2491, 115 L.Ed.2d 555 (1991) (plurality opinion); *Andersen v. United States*, 170 U.S. 481, 499–501, 18 S.Ct. 689, 42 L.Ed. 1116 (1898). Where, for example, an element of robbery is force or the threat of force, some jurors might conclude that the defendant used a knife to create the threat; others might conclude he used a gun. But that disagreement a disagreement about means— would not matter as long as all 12 jurors unanimously concluded that the Government had proved the necessary related element, namely that the defendant had threatened force. *See McKoy v. North Carolina*, 494 U.S. 433, 449, 110 S.Ct. 1227, 108 L.Ed.2d 369 (1990) (Blackmun, J., concurring).

*Richardson v. United States*, 526 U.S. 813, 817, 119 S.Ct. 1707, 143 L.Ed.2d 985 (1999). *See also Andersen v. United States*, 170 U.S. 481, 504, 18 S.Ct. 689, 42 L.Ed. 1116 (1898) (where defendant convicted of murder upon an indictment charging that the death occurred through both shooting and drowning, the Court held "the Government was not required to make the charge in the alternative" because it was immaterial whether the death was caused by one means or the other). *Cf. Borum v. United States*, 284 U.S. 596, 52 S.Ct. 205, 76 L.Ed. 513 (1932) (upholding the murder conviction of three co-defendants under a count that failed to specify which of the three did the actual killing).

The rule is based upon the presumption of law that the jury's verdict was based upon the valid counts. *Griffin*, 502 U.S. at 49–50, 112 S.Ct. 466. The *Griffin* court cited, among other authorities, F. Wharton, *Criminal Pleading and Practice* § 771, pp. 533–36 (9th ed. 1889) (appellate courts presumed the

jury's verdict attached to the valid counts), and *Claassen*, 142 U.S. at 147, 12 S.Ct. 169 ("[T]he presumption of law is that the court awarded sentence on the good count only."). *See also Sochor v. Florida*, 504 U.S. 527, 538, 112 S.Ct. 2114, 119 L.Ed.2d 326 (1992) (the Court will not presume that a general verdict rests on a ground unsupported by the evidence). This presumption applies where the challenge to the findings is the sufficiency of proof. The presumption relies upon a belief fundamental to our system of justice—that jurors are well equipped to analyze the evidence.[1] *Griffin*, 502 U.S. at 59, 112 S.Ct. 466 (citing *Duncan v. Louisiana*, 391 U.S. 145, 157, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968)).

Our superior court has applied the common-law rule regarding general verdicts on duplicitous specifications. In *Vidal*, 23 M.J. at 324–25, the Court considered a case wherein the appellant was charged with a single specification of rape. The evidence indicated the appellant committed rape in two ways, as an actual perpetrator, and as an aider and abettor by holding the victim down while another soldier raped her. The defense contended the prosecution was required to elect between the two alternatives. The Court held:

If there had been evidence that appellant had personally engaged in the two acts of intercourse as part of a continuous transaction, the Government could not have been compelled to elect between them; nor would the defense have been entitled to an instruction that two-thirds of the court members must agree that a particular act of intercourse occurred.... If two-thirds of the members of the court-martial were satisfied beyond a reasonable doubt that at the specified time and place, appellant raped Andrea Blum—whether he was the perpetrator or only an aider and abettor— the findings of guilty were proper. It makes no difference how many members chose one act or the other, one theory of liability or the other. The only condition is that there be evidence sufficient to justify a finding of guilty on any theory of liability submitted to the members.

---

1. The presumption does not apply where a general verdict may have rested upon a particular ground forbidden by the Constitution, because jurors are not generally equipped to determine whether a ground for conviction is contrary to law. *See Griffin*, 502 U.S. at 59, 112 S.Ct. 466.

*Id.* at 325. The Court noted that a single transaction should not normally be divided into numerous separate components, and declined to penalize the government because it did not allege two separate rapes. *Id.* at 325–26. *See also Holt,* 33 M.J. at 403–04 (the government was not required to elect between several incidents alleged in a single specification).

Unfortunately, this Court has not always followed the common-law rule. In *King,* 50 M.J. at 687, the accused was charged with communicating a threat on divers occasions on the same day. The evidence indicated he threatened another airman twice, once at the base gymnasium and again at a campground near the base. The court members found the appellant guilty, but excepted the words, "on divers occasions." The *King* Court found itself in a "dilemma," because it could not determine from the record which threat the members found proven beyond a reasonable doubt. *Id.* at 688. Rather than relying on the presumption that the court-members properly discharged their fact-finding responsibilities, the Court concluded the findings were ambiguous, and set them aside. *Id.*

Although the logic of the *King* opinion has some facial appeal, it does not withstand scrutiny. Imagine the not-uncommon case where an accused is charged with the wrongful use of marijuana on divers occasions over six months, and one witness testifies that he saw the accused use marijuana two times, another testifies about four separate uses, and yet another testifies that he saw wrongful use of marijuana on six occasions. Further assume that the members find the appellant guilty as charged. In the discharge of our responsibilities under Article 66(c), UCMJ, 10 U.S.C. § 866(c), must this Court be convinced beyond a reasonable doubt that the appellant used marijuana two times, four times, or six times? Moreover, how could this Court ever know which of the two, four, or six uses the members found proven beyond a reasonable doubt by the required

majority? If a court were to apply the relentless logic of *King* in this situation, it could not approve the findings because they would be "ambiguous."

In *King,* the Court observed that, "The law requires a verdict to be certain, definite and free from ambiguity." 50 M.J. at 687 (citing *United States v. Dilday,* 47 C.M.R. 172, 173, 1973 WL 14692[ ] (A.C.M.R.1973)). However, the cases on "ambiguous findings" upon which the *King* court relied were vastly different from the circumstances in *King.* In *Dilday,* the court-martial's verdict did not reflect findings on the specifications, indicating instead, "To Charge I, Violation of Article 85, Not Guilty, but Guilty of a violation of Article 86. Charge II: Violation of Article 86, Guilty." 47 C.M.R. at 173. Because the Army Court could not discern which of the three categories of offenses under Article 86 formed the basis for the trial court's findings, it found the verdict ambiguous. *Id.* at 173–74. No such situation was presented in *King,* or in this case. The trial court's findings clearly reflected the offense of which the appellant was convicted.

We must apply the common-law rule, as set out by the Supreme Court and our superior court in *Vidal,* 23 M.J. at 325. It is in complete accord with our rules of procedure and the normal presumptions applied to criminal trials. Where charges are duplicitous, the accused may object, and ask that the military judge sever the charges. *See* R.C.M. 905(b)(5) ("The following must be raised before a plea is entered: ... (5) Motions for severance of charges...."). Of course, the effect of this may be that the appellant will face a proliferation of individual charges and, potentially, an increase in the maximum possible punishment.[2] This will, however, protect an accused from the possible dangers of duplicitous pleadings, including uncertainty regarding the scope of the court member's findings.

■ Alternatively, an accused may choose not to request severance of the duplicitous

---

2. If the military judge grants the motion to sever, it could create a challenge for the prosecutors to draft numerous specifications, which identify separate offenses with sufficient precision to make each unique. It may be necessary to devi-

ate from the normal format for specifications contained in the *Manual for Courts-Martial, United States (MCM),* Part IV (2000 ed.). *See* R.C.M. 307(c)(3) ("No particular format is required.").

charges, and instead avail himself or herself of the benefits of a consolidated specification. Of course, an accused may not be convicted of a separate offense without the concurrence of the necessary majority of court-members.[3] *See* Article 52, UCMJ, 10 U.S.C. § 852. To that end, trial defense counsel might request an appropriate instruction by the military judge requiring the necessary majority for findings of guilty for each separate offense.[4] An accused may also request a bill of particulars detailing the nature of the charge. *See* R.C.M. 906(b)(6). If the court-martial returns a general verdict of guilt to a duplicitous specification, we will assume the members followed the law given to them and properly discharged their fact-finding function. We may affirm if we find evidence that is legally and factually sufficient to support the court's conclusion.

■ The court members found the appellant guilty of the wrongful use of ecstasy on one occasion between about 1 April and 18 July 2000. There was ample evidence to support this finding, and this Court is convinced beyond a reasonable doubt that the appellant wrongfully used ecstasy during the period alleged. We follow the common-law rule, and presume the court members followed the instructions given to them by the military judge and properly discharged their fact-finding responsibility. A common-law rule that predates the Constitution and is still recognized by the Supreme Court certainly provides an accused due process. *See Schad v. Arizona,* 501 U.S. at 651, 111 S.Ct. 2491 (Scalia, J., concurring in part and concurring in the judgment). This Court's prior decision in *King,* 50 M.J. 686, is overruled.

The approved findings are correct in law and fact, and no error prejudicial to the substantial rights of the appellant occurred. Article 66(c), UCMJ; *United States v. Turner,* 25 M.J. 324, 325 (C.M.A.1987). Accordingly, the approved findings and sentence are

AFFIRMED.

---

3. We do not attempt to set out a test for determining whether offenses are separate for this purpose. *Compare United States v. Gipson,* 553 F.2d 453, 456–59 (5th Cir.1977) and *Schad v. Arizona,* 501 U.S. at 634–36, 111 S.Ct. 2491. *See also Vidal,* 23 M.J. at 325 (offenses closely connected in time may constitute a single transaction).

4. We do not consider the form of any such instruction here, because it was not raised in this case. We do not suggest that the standard instruction regarding the required majority for findings is insufficient. *See generally Brown,* 55 M.J. at 389–90 (2001) (Crawford, C.J., concurring in part and dissenting in part). *See also*

*United States v. Holt,* 31 M.J. 758, 763 (A.C.M.R. 1990), *rev'd in part on other grounds,* 33 M.J. 400 (C.M.A.1991), ("There is no requirement that military judges give special instructions to insure that members concur in finding an accused guilty of individual acts embraced by a specification. Rather, as court members are not permitted to make special findings, instructions to that effect are superfluous. R.C.M. 918(b)."); *United States v. Kim,* 196 F.3d 1079, 1083 (9th Cir.1999) (not necessary for jurors to "specify which conduct led them to conclude that Kim was [guilty]"); *United States v. Ferris,* 719 F.2d 1405, 1407 (9th Cir.1983) (general unanimity instruction ordinarily sufficient).