IN THE CASE OF


UNITED STATES, Appellee

v.

Shane T. SEIDER, Airman First Class
U.S. Air Force, Appellant

No. 04-0082

Crim. App. No. 35154

United States Court of Appeals for the Armed Forces

Argued April 20, 2004

Decided June 21, 2004

ERDMANN, J., delivered the opinion of the Court, in which
GIERKE, EFFRON, and BAKER, JJ., joined.  CRAWFORD, C.J., filed a
separate dissenting opinion.

Counsel

For Appellant:  Major Andrew S. Williams (argued); Major Terry
L. McElyea and Captain Jennifer K. Martwick (on brief).

For Appellee:  Major John C. Johnson (argued); Colonel LeEllen
Coacher and Lieutenant Colonel Robert V. Combs (on brief).

Military Judge:  S. A. Hatfield


**This opinion is subject to editorial correction before final publication**.

United States v. Seider, No. 04-0082/AF

Judge ERDMANN delivered the opinion of the Court.

Appellant, Airman First Class Shane T. Seider, was tried by a general court-martial consisting of members. He was charged with the wrongful use of cocaine on divers occasions and wrongfully distributing cocaine in violation of Article 112a, Uniform Code of Military Justice [UCMJ], 10 U.S.C. § 912a (2000). Although Seider pleaded not guilty to both specifications, he was found guilty of wrongfully distributing cocaine as charged and of wrongfully using cocaine except the words "on divers occasions."

Seider was sentenced to a bad-conduct discharge, confinement for 15 months, forfeiture of all pay and allowances, and reduction to the lowest enlisted grade. The convening authority approved the sentence and the Air Force Court of Criminal Appeals affirmed the findings and sentence in an unpublished opinion. United States v. Seider, ACM 35154 (A.F. Ct. Crim. App. August 11, 2003). We granted review of the following issue:

> WHETHER, IN LIGHT OF UNITED STATES V.
> WALTERS, 58 M.J. 391 (C.A.A.F. 2003), THE
> AIR FORCE COURT ERRED IN AFFIRMING
> APPELLANT'S CONVICTION FOR WRONGFULY USING
> COCAINE BECAUSE THERE WAS NO WAY TO KNOW
> WHICH USE OF COCAINE THE MEMBERS FOUND
> APPELLANT GUILTY OF.

We hold that the Air Force Court of Criminal Appeals erred.

FACTS

Seider was arraigned and tried upon two specifications alleging violations of Article 112a.  Specification 1 alleged the wrongful use of cocaine "on divers occasions" as follows:

> In that Airman First Class Shane T. Seider, United States Air Force, 559th Flying Training Squadron, Randolph Air Force Base, Texas, did, at or near Universal City, Texas, on divers occasions between on or about 1 October 2000 and on or about 31 December 2000, wrongfully use cocaine.

Trial counsel asserted in his opening statement that the Government would prove two cases.

Government evidence presented in support of this offense revealed two distinct instances during which Seider allegedly used cocaine.  Airmen Basic Castonguay, Bennett, and Chavez each testified that while playing cards and drinking at Seider's apartment, Seider provided cocaine and used the substance himself.  Airman Basic Castonguay also testified that about a month earlier he had been at Seider's home watching football when Seider provided and used cocaine.  This testimony about two distinct events formed the only evidentiary basis for the allegation of wrongful use of cocaine "on divers occasions."

As part of his sentencing instructions the military judge advised the members:

> As to Specification 1 of the Charge, if you have doubt the accused wrongfully used cocaine on divers occasions, but you are satisfied beyond a reasonable doubt that the

> accused wrongfully used cocaine once, you
> may still reach a finding of guilty;
> however, you must change the specification
> by exception, i.e., deleting the words "on
> divers occasions."

This instruction was not accompanied by instructions about substitutions to specify a single use on or about a given date and the military judge did not provide any instruction on how to make exceptions and substitutions on the findings worksheet. During his argument on findings, trial counsel variously referred to the evidence of use "on more than one occasion," "on divers occasions," "on an additional occasion," "during both occasions," "on a second occasion," and "on two occasions." The Government clearly relied upon evidence of the two separate incidents to prove use "on divers occasions."

Prior to the announcement of the findings, the military judge examined the findings worksheet, noted one minor correction with respect to a finding on the Charge and determined the worksheet to be "in proper form." The president of the court announced that the members found Seider "of Specification 1 of the Charge: Guilty, except the words: 'on divers occasions.' Of the excepted words, Not Guilty, of the remaining words, Guilty." The members made no substitutions to specify which of the two uses presented by the Government was proven beyond a reasonable doubt. The military judge did not

4

United States v. Seider, No. 04-0082/AF

direct and the parties to the trial did not request any clarification of the findings.

DISCUSSION

The issue in this case focuses upon the uncertainty in this particular verdict – a circumstance involving the conversion of a "divers occasion" specification to a "one occasion" specification through exceptions. We addressed this same uncertainty in United States v. Walters, 58 M.J. 391 (C.A.A.F. 2003), where we held that the military judge erred "in giving incomplete instructions regarding the use of findings by exceptions and substitutions and in failing to secure clarification of the court-martial's ambiguous findings prior to announcement." Id. at 396-97. We further held that this type of ambiguous verdict could not be reviewed under Article 66(c), UCMJ, 10 U.S.C. § 866(c) (2000), "because the findings of guilty and not guilty do not disclose the conduct upon which each of them was based." Walters, 58 M.J. at 397.

While the Government conceded at oral argument that this verdict presented a Walters problem at the trial level, they argue that the uncertainty presented by the verdict was resolved by the Court of Criminal Appeals. The Government further argued that this case is "substantially different" than Walters. Unlike Walters which involved evidence of as many as six instances of drug use, the Government urges that this case

involves evidence of only two discrete alleged instances and that the record provides a clear, sufficient factual basis for the Court of Criminal Appeals to review the finding and resolve any ambiguity. The Government's argument finds support in the Court of Criminal Appeals' per curiam opinion:

> We reviewed the record of trial for the legal and factual sufficiency of the evidence. Article 66(c), UCMJ, 10 U.S.C. § 866(c); United States v. Reed, 54 M.J. 37, 41 (2000). Three witnesses testified that the appellant distributed and used cocaine during a card game at the appellant's off-base apartment. One of the three witnesses provided vague testimony about one additional use of cocaine. Exercising our fact-finding power under Article 66(c), UCMJ, we are convinced beyond a reasonable doubt that the appellant used and distributed cocaine during a card game at the appellant's off-base apartment. We are similarly convinced that this was the basis for the court members' finding of guilt for this specification.

Seider, ACM 35154, slip op at 1-2.

While recognizing that the military judge erred in failing to give complete instructions and failing to secure clarification of the court-martial's ambiguous findings prior to announcement, the Government overlooks a central holding in Walters. Because the findings of guilty and not guilty do not disclose the conduct upon which each of them was based, the Court of Criminal Appeals cannot conduct a factual sufficiency review of Appellant's conviction. As we noted in Walters, the Court of Criminal Appeals is prevented from even conducting its

6

United States v. Seider, No. 04-0082/AF

factual sufficiency review by the fundamental rule that the

"Court of Criminal Appeals cannot find as fact any allegation in

a specification for which the factfinder below has found the

accused not guilty."[*]  Walters, 58 M.J. at 395 (citing United

States v. Smith, 39 M.J. 448, 451 (C.M.A. 1994)).  In turn,

where we cannot determine whether the Court of Criminal Appeals

reviewed and affirmed an offense of which Seider was acquitted,

we cannot affirm that finding.

DECISION

Accordingly, the decision of the Air Force Court of

Criminal Appeals as to Specification 1 of the Charge and the

sentence is reversed, but is affirmed in all other respects.

The finding of guilty of Specification 1 of the Charge and the

sentence are set aside and Specification 1 is dismissed.  The

record is returned to the Judge Advocate General of the Air

Force for remand to the Court of Criminal Appeals.  That Court

may either reassess the sentence based on the affirmed guilty

findings or order a rehearing on the sentence.

---

[*] The fact that this case involved only two incidents while
Walters involved six incidents does not impact upon the
inability of the Court of Criminal Appeals to conduct a factual
sufficiency review of the conviction. The defect is neither a
question of the legal or factual sufficiency of the evidence of
one alleged use versus the other, nor is it a question to be
resolved by weighing evidence and concluding that evidence of
one use is quantitatively or qualitatively inferior.

United States v. Seider, No. 04-0082/AF

CRAWFORD, Chief Judge (dissenting):

I respectfully dissent from the lead opinion on several grounds. First, the majority unnecessarily creates a sweeping rule on what should be an extremely fact-specific issue. To this end, the lead opinion fails to recognize the features of this case which distinguish it from Walters, and therefore render the Walters holding inapplicable. United States v. Walters, 58 M.J. 391 (C.A.A.F. 2003). Finally, the majority neglects to apply waiver in this case.

On the first point, the allegation of committing an offense on "divers occasions" exists not only under the facts of this case and Walters, but also in the context of sexual abuse, e.g., United States v. Wellington, 58 M.J. 420 (C.A.A.F. 2003); carnal knowledge, United States v. McCollum, 58 M.J. 323 (C.A.A.F. 2003); leaving a daughter unattended, United States v. Vaughan, 58 M.J. 29 (C.A.A.F. 2003); sexual harassment, United States v. Brown, 55 M.J. 375 (C.A.A.F. 2001); conduct unbecoming an officer, United States v. Rogers, 54 M.J. 244 (C.A.A.F. 2002); and numerous drug offenses, e.g., United States v. Campbell, 57 M.J. 134 (C.A.A.F. 2002); United States v. Downing, 56 M.J. 419 (C.A.A.F. 2002); United States v. Grant, 56 M.J. 410 (C.A.A.F. 2002).

Given the myriad of factual scenarios which might generate a charge of committing an offense on "divers occasions," this

United States v. Seider, No. 04-0082/AF

Court should address the issue presented through a fact-specific inquiry with a fact-specific holding, interpreting Walters through the lens of its unique facts. Instead, the majority applies Walters in a sweeping fashion, with the inevitable consequence of an immeasurable impact on military justice.

To this end, the instant case is distinguishable from Walters. In Walters, the accused was charged with wrongful use of ecstasy "at divers occasions" between April 1 and July 18, 2000. Several witnesses testified as to different uses of ecstasy by the accused at different times during the spring and early summer of 2001. At least one of the witnesses testified as to use of drugs outside of the charged time frame. When instructing the members on findings by exceptions and substitutions, the military judge stated:

> [I]f you do what is called findings by exceptions and substitutions, which is the variance instruction I have given you earlier, where you may – and this is just an example – on the divers uses, you may find just one use, and you except out the words divers uses and you substitute in the word one time, or something like that . . . .

Walters, 58 M.J. at 393. The members excepted the words "at divers occasions" and substituted the words on "one occasion."

In reviewing the finding on appeal, a majority of this Court noted that the verdict was ambiguous and that "[w]hile [the] hypothetical example of a finding by exceptions and substitutions was well intended, it was less than complete."

2

Id. at 396.  The judge did not instruct the members that the

Government must prove a finding of guilty as to a single

occasion beyond a reasonable doubt.  The Court concluded:

> Where a specification alleges wrongful acts on "divers occasions," the members must be instructed that any findings by exceptions and substitutions that remove the "divers occasions" language must clearly reflect the specific instance of conduct upon which their modified findings are based.  That can generally be accomplished through reference in the substituted language to a relevant date or other facts in evidence that will clearly put the accused and the reviewing courts on notice of what conduct served as the basis for the findings.
>
> . . . .
>
> In sum, the military judge erred in giving incomplete instructions regarding the use of findings by exceptions and substitutions and in failing to secure clarification of the court-martial's ambiguous findings prior to announcement.  The Court of Criminal Appeals, in turn, could not conduct a factual sufficiency review of Appellant's conviction because the findings of guilty and not guilty do not disclose the conduct upon which each of them was based.  Appellant has a substantial right to a full and fair review of his conviction under Article 66(c) and the ambiguity in the court-martial's findings results in material prejudice to that right.  See Article 59(a), UCMJ, 10 U.S.C. § 859(a) (2000).

Id. at 396-97.

The majority's concern in Walters was that the original

instructions with the hypothetical, the query by the members,

and the ultimate findings made it impossible for the Court of

Criminal Appeals to conduct a factual sufficiency review.  This

concern is not present in the instant case, because the conduct

upon which Appellant's guilty finding was based is clear: the one occasion of cocaine use described in detail by all three witnesses. In other words, in assessing Appellant's charge of drug use on "divers occasions," the members faced two possible occasions of drug use: one described in extremely similar detail by three different witnesses, and the other described hazily by only one witness. By excepting the words "divers occasions" from their findings, the members indicated their understanding that Appellant did not use cocaine on both occasions, but rather on only one, and it is clear on which occasion that was. Given this clarity, the members did not require clarification of the worksheet based on a confusing hypothetical example by the military judge as was the case in Walters. "It is assumed that twelve men know more of the common affairs of life than does one man, that they can draw wiser and safer conclusions from admitted facts thus occurring than can a single judge." R.R. Co. v. Stout, 84 U.S. 657, 664 (1874).

Moreover, in Walters the lower court made the following conclusion as to the ambiguity of the appellant's findings:

> The court members found the appellant guilty of the wrongful use of ecstasy on one occasion between about 1 April and 18 July 2000. There was ample evidence to support this finding, and this Court is convinced beyond a reasonable doubt that the appellant wrongfully used ecstasy during the period alleged. We follow the common-law rule, and presume the court members followed the instructions given to them by the

4

United States v. Seider, No. 04-0082/AF

> military judge and properly discharged their fact-
> finding responsibility.

United States v. Walters, 57 M.J. 554, 559 (A.F. Ct. Crim. App.

2002).  The lower court gave no indication if it could identify

the one occasion on which the appellant used drugs.  By

contrast, in the case at bar the lower court opined:

> Three witnesses testified that the appellant
> distributed and used cocaine during a card game at the
> appellant's off-base apartment.  One of the three
> witnesses provided vague testimony about one
> additional use of cocaine.  Exercising our fact-
> finding power under Article 66(c), UCMJ, we are
> convinced beyond a reasonable doubt that the appellant
> used and distributed cocaine during a card game at the
> appellant's off-base apartment.  We are similarly
> convinced that this was the basis for the court
> members' finding of guilty for this specification.

United States v. Seider, ACM No. 35154, slip op. at 1-2 (A.F.

Ct. Crim. App. Aug. 11, 2003).  Thus, the Air Force Court

specifically stated that it based its decision on the

corroborating testimony of the three witnesses, which pointed to

Appellant's cocaine use on one occasion – the first occasion

described by Airman Basic Castonguay, and the only occasion

described by Airmen Basic Bennett and Chavez.  Clearly, the

court was able to identify the one occasion on which Appellant

used cocaine.  Not surprisingly, this is the occasion

overwhelmingly supported by the evidence, a conclusion so

obvious to all parties at the trial that the verdict produced no

5

comment, question, or objection from any party to the proceedings.

In short, the level of certainty as to the findings in this case far exceeds the certainty in Walters. Indeed, the occasion of cocaine use for which the members convicted Appellant is quite clear. Consequently, the Court of Criminal Appeals in this case was able to conduct an adequate factual sufficiency review of Appellant's conviction, in keeping with Appellant's "substantial right to a full and fair review of his conviction under Article 66(c)." Walters, 58 M.J. at 397.

In the instant case, the majority could have limited Walters to its unique facts, held that the judge failed to instruct the members that if they find the accused guilty of an allegation as to divers occasions, the proof as to any one of those occasions must be beyond a reasonable doubt. Instead, the majority has unnecessarily created a sweeping holding.

Finally, the majority fails to recognize that because Appellant waived the issue by remaining silent at trial, he cannot prevail on appeal in the absence of plain error. Specifically, defense counsel failed to move for a bill of particulars, failed to move to limit duplicitous pleadings, and failed to object to the members' findings.

> Failure by a party . . . to make motions or requests which must be made before pleas are entered . . . shall constitute waiver. . . . Other motions,

6

> requests, defenses, or objections, except lack of
> jurisdiction or failure of a charge to allege an
> offense, must be raised before the court-martial is
> adjourned for that case and, unless otherwise provided
> in this Manual, failure to do so shall constitute
> waiver.

Rule for Courts-Martial 905(e). Because Appellant did not at trial challenge what he in retrospect alleges were ambiguous findings, he should not now be afforded the opportunity to address what "could have been dealt with by a timely objection or motion at trial." United States v. Huffman, 40 M.J. 225, 229 (C.M.A. 1994)(Crawford, J., dissenting in part and concurring in the result).

"If an error is waived, further consideration of its effect is simply estopped unless it qualifies as 'plain error'. . . ." United States v. Deachin, 22 M.J. 611, 614 (A.C.M.R. 1986) (citing United States v. Tyler, 17 M.J. 381, 385-86 (C.M.A. 1984)); see also United States v. Causey, 37 M.J. 308, 311 (C.M.A. 1993). To remedy an error not raised at trial, an appellate court must find (1) a deviation from a legal rule, (2) that is clear under current law, (3) that is materially prejudicial, and that (4) seriously affects the fairness, integrity, or public perception of judicial proceedings. See United States v. Johnson, 520 U.S. 461, 467 (1997); United States v. Olano, 507 U.S. 725, 732 (1993).

Even assuming error in the military judge's instructions to the members, such action did not materially prejudice Appellant. The evidence of record overwhelmingly supports two conclusions: (1) Appellant is guilty beyond a reasonable doubt of using **cocaine**; and (2) he committed this act on the one occasion supported by all three witnesses. Thus, any error on the part of the military judge in failing properly to instruct the members on findings by exceptions and substitutions did not prejudice Appellant.

For these reasons, I respectfully dissent.