CRAWFORD, Chief Judge
(dissenting):
I respectfully dissent from the lead opinion on several grounds. First, the majority unnecessarily creates a sweeping rule on what should be an extremely fact-specific issue. To this end, the lead opinion fails to recognize the features of this case which distinguish it from Walters, and therefore render the Walters holding inapplicable. United States v. Walters, 58 M.J. 391 (C.A.A.F.2003). Finally, the majority neglects to apply waiver in this case.
On the first point, the allegation of committing an offense on “divers occasions” exists not only under the facts of this case and Walters, but also in the context of sexual abuse, e.g., United States v. Wellington, 58 M.J. 420 (C.A.A.F.2003); carnal knowledge, United States v. McCollum, 58 M.J. 323 *39 (C.A.A.F.2003); leaving a daughter unattended, United States v. Vaughan, 58 M.J. 29 (C.A.A.F.2003); sexual harassment, United States v. Brown, 55 M.J. 375 (C.A.A.F.2001); conduct unbecoming an officer, United States v. Rogers, 54 M.J. 244 (C.A.A.F.2000); and numerous drug offenses, e.g., United States v. Campbell, 57 M.J. 134 (C.A.A.F.2002); United States v. Downing, 56 M.J. 419 (C.A.A.F.2002); United States v. Grant, 56 M.J. 410 (C.A.A.F.2002).
Given the myriad of factual scenarios which might generate a charge of committing an offense on “divers occasions,” this Court should address the issue presented through a fact-specific inquiry with a fact-specific holding, interpreting Walters through the lens of its unique facts. Instead, the majority applies Walters in a sweeping fashion, with the inevitable consequence of an immeasurable impact on military justice.
To this end, the instant case is distinguishable from Walters. In Walters, the accused was charged with wrongful use of ecstasy “at divers occasions” between April 1 and. July 18, 2000. Several witnesses testified as to different uses of ecstasy by the accused at different times during the spring and early summer of 2001. At least one of the witnesses testified as to use of drugs outside of the charged time frame. When instructing the members on findings by exceptions and substitutions, the military judge stated:
[I]f you do what is called findings by exceptions and substitutions, which is the variance instruction I have given you earlier, where you may—and this is just an example—on the divers uses, you may find just one use, and you except out the words divers uses and you substitute in the word one time, or something like that....
Walters, 58 M.J. at 393. The members excepted the words “at divers occasions” and substituted the words on “one occasion.”
In reviewing the finding on appeal, a majority of this Court noted that the verdict was ambiguous and that “[wjhile [the] hypothetical example of a finding by exceptions and substitutions was well intended, it was less than complete.” Id. at 396. The judge did not instruct the members that the Government must prove a finding of guilty as to a single occasion beyond a reasonable doubt. The Court concluded:
Where a specification alleges wrongful acts on “divers occasions,” the members must be instructed that any findings by exceptions and substitutions that remove the “divers occasions” language must clearly reflect the specific instance of conduct upon which their modified findings are based. That can generally be accomplished through reference in the substituted language to a relevant date or other facts in evidence that will clearly put the accused and the reviewing courts on notice of what conduct served as the basis for the findings.
In sum, the military judge erred in giving incomplete instructions regarding the use of findings by exceptions and substitutions and in failing to secure clarification of the court-martial’s ambiguous findings pri- or to announcement. The Court of Criminal Appeals, in turn, could not conduct a factual sufficiency review of Appellant’s conviction because the findings of guilty and not guilty do not disclose the conduct upon which each of them was based. Appellant has a substantial right to a full and fair review of his conviction under Article 66(c) and the ambiguity in the court-martial’s findings results in material prejudice to that right. See Article 59(a), UCMJ, 10 U.S.C. § 859(a) (2000).
Id. at 396-97.
The majority’s concern in Walters was that the original instructions with the hypothetical, the query by the members, and the ultimate findings made it impossible for the Court of Criminal Appeals to conduct a factual sufficiency review. This concern is not present in the instant case, because the conduct upon which Appellant’s guilty finding was based is clear: the one occasion of cocaine use described in detail by all three witnesses. In other words, in assessing Appellant’s charge of drug use on “divers occasions,” the members faced two possible occasions of drug use: one described in extremely similar detail by three different wit *40 nesses, and the other described hazily by only one witness. By excepting the words “divers occasions” from their findings, the members indicated their understanding that Appellant did not use cocaine on both occasions, but rather on only one, and it is clear on which occasion that was. Given this clarity, the members did not require clarification of the worksheet based on a confusing hypothetical example by the military judge as was the case in Walters. “It is assumed that twelve men know more of the common affairs of life than does one man, that they can draw wiser and safer conclusions from admitted facts thus occurring than can a single judge.” R.R. Co. v. Stout, 17 Wall. 657, 84 U.S. 657, 664, 21 L.Ed. 745 (1873).
Moreover, in Walters the lower court made the following conclusion as to the ambiguity of the appellant’s findings:
The court members found the appellant guilty of the wrongful use of ecstasy on one occasion between about 1 April and 18 July 2000. There was ample evidence to support this finding, and this Court is convinced beyond a reasonable doubt that the appellant wrongfully used ecstasy during the period alleged. We follow the common-law rule, and presume the court members followed the instructions given to them by the military judge and properly discharged their fact-finding responsibility.
United States v. Walters, 57 M.J. 554, 559 (A.F.Ct.Crim.App.2002). The lower court gave no indication if it could identify the one occasion on which the appellant used drugs. By contrast, in the case at bar the lower court opined:
Three witnesses testified that the appellant distributed and used cocaine during a card game at the appellant’s off-base apartment. One of the three witnesses provided vague testimony about one additional use of cocaine. Exercising our fact-finding power under Article 66(c), UCMJ, we are convinced beyond a reasonable doubt that the appellant used and distributed cocaine during a card game at the appellant’s off-base apartment. We are similarly convinced that this was the basis for the court members’ finding of guilty for this specification.
United States v. Seider, ACM No. 35154, slip op. at 1-2, 2003 WL 22048406 (A.F.Ct.Crim. App. Aug. 11, 2003). Thus, the Air Force Court specifically stated that it based its decision on the corroborating testimony of the three witnesses, which pointed to Appellant’s cocaine use on one occasion—the first occasion described by Airman Basic Castonguay, and the only occasion described by Airmen Basic Bennett and Chavez. Clearly, the court was able to identify the one occasion on which Appellant used cocaine. Not surprisingly, this is the occasion overwhelmingly supported by the evidence, a conclusion so obvious to all parties at the trial that the verdict produced no comment, question, or objection from any party to the proceedings.
In short, the level of certainty as to the findings in this case far exceeds the certainty in Walters. Indeed, the occasion of cocaine use for which the members convicted Appellant is quite clear. Consequently, the Court of Criminal Appeals in this case was able to conduct an adequate factual sufficiency review of Appellant’s conviction, in keeping with Appellant’s “substantial right to a full and fair review of his conviction under Article 66(c).” Walters, 58 M.J. at 397.
In the instant case, the majority could have limited Walters to its unique facts, held that the judge failed to instruct the members that if they find the accused guilty of an allegation as to divers occasions, the proof as to any one of those occasions must be beyond a reasonable doubt. Instead, the majority has unnecessarily created a sweeping holding.
Finally, the majority fails to recognize that because Appellant waived the issue by remaining silent at trial, he cannot prevail on appeal in the absence of plain error. Specifically, defense counsel failed to move for a bill of particulars, failed to move to limit duplicitous pleadings, and failed to object to the members’ findings.
Failure by a party ... to make motions or requests which must be made before pleas are entered ... shall constitute waiver---Other motions, requests, defenses, or ob *41 jeetions, except lack of jurisdiction or failure of a charge to allege an offense, must be raised before the court-martial is adjourned for that case and, unless otherwise provided in this Manual, failure to do so shall constitute waiver.
Rule for Courts-Martial 905(e). Because Appellant did not at trial challenge what he in retrospect alleges were ambiguous findings, he should not now be afforded the opportunity to address what “could have been dealt with by a timely objection or motion at trial.” United States v. Huffman, 40 M.J. 225, 229 (C.M.A.1994)(Crawford, J., dissenting in part and concurring in the result).
“If an error is waived, further consideration of its effect is simply estopped unless it qualifies as ‘plain error’.... ” United States v. Deachin, 22 M.J. 611, 614 (A.C.M.R.1986) (citing United States v. Tyler, 17 M.J. 381, 385-86 (C.M.A.1984)); see also United States v. Causey, 37 M.J. 308, 311 (C.M.A.1993). To remedy an error not raised at trial, an appellate court must find (1) a deviation from a legal rule, (2) that is clear under current law, (3) that is materially prejudicial, and that (4) seriously affects the fairness, integrity, or public perception of judicial proceedings. See Johnson v. United States, 520 U.S. 461, 467, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997); United States v. Olano, 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993).
Even assuming error in the military judge’s instructions to the members, such action did not materially prejudice Appellant. The evidence of record overwhelmingly supports two conclusions: (1) Appellant is guilty beyond a reasonable doubt of using cocaine; and (2) he committed this act on the one occasion supported by all three witnesses. Thus, any error on the part of the military judge in failing properly to instruct the members on findings by exceptions and substitutions did not prejudice Appellant.
For these reasons, I respectfully dissent.